[No. B007650. Second Dist., Div. Six. July 23, 1986.]

LAWRENCE STEINHART, Plaintiff and Respondent, v.
SOUTH COAST AREA TRANSIT, Defendant and Appellant.

**COUNSEL**

Margo Davis, Byron J. Lawler and Lawler, Bonham & Walsh for Defendant and Appellant.

Christopher Danch and Danch & Danch for Plaintiff and Respondent.

**OPINION**

**GILBERT, J.**—Defendant South Coast Area Transit (SCAT) appeals the granting of a new trial. We agree with SCAT that the order granting the new trial must be reversed and the judgment reinstated.

FACTS

Plaintiff Lawrence Steinhart moved for a new trial after a defense verdict in his personal injury action. SCAT served the judgment on Steinhart on

July 6, 1983. The hearing on the motion for new trial was heard on August 21, 1983. At that hearing the trial judge orally granted the motion for a new trial. He reviewed the evidence on the record and suggested a transcript be prepared for his signature.

The minute order dated August 21 stated, among other things, "[t]he court states its specifications for the record. [¶] Counsel for defendant SCAT requests that the court reporter prepare a transcript of these proceedings, submit the same to the court for signature and the same shall be deemed the written specification."

On September 11, 1984, the court filed an "Order Granting Motion For New Trial." This order stated that the court ". . . grants plaintiff's motion for new trial upon the grounds that the evidence is insufficient to justify the verdict. [¶] Defendant SCAT, having requested a statement of decision, is referenced to the Transcript of August 21, 1984, during which an oral statement of decision was made. That transcript, which was not available until September 7, 1984, is incorporated into this order by reference."

We conclude that both the orders of August 21, and September 11, were fatally defective to grant the motion for new trial.

## Discussion

This case is like *Sanchez-Corea* v. *Bank of America* (1985) 38 Cal.3d 892, 899 [215 Cal.Rptr. 679, 701 P.2d 826], and ". . . is governed by [Code of Civil Procedure[1]] sections 657 and 660, which impose limitations and requirements on consideration of motions for new trials."

Section 660 provides in pertinent part ". . . the power of the court to rule on a motion for a new trial shall expire 60 days from and after the mailing of notice of entry of judgment by the clerk . . . or 60 days from and after service on the moving party by any party of written notice of the entry of the judgment, whichever is earlier, . . . If such motion is not determined within said period of 60 days, . . . the effect shall be a denial of the motion without further order of the court."

As pointed out in the *Sanchez-Corea* case at page 899, "[i]f the motion for new trial is granted, additional requirements are imposed by statute. In pertinent part, section 657 provides that whenever the motion is granted 'the court shall specify the ground or grounds upon which it is granted and

---

[1]All statutory references hereinafter are to the Code of Civil Procedure unless otherwise specified.

the court's reason or reasons for granting the new trial . . . .' The section goes on, however, to distinguish between grounds and reasons. While the order passing upon and determining the motion '*must* state the ground or grounds relied upon by the court,' the order '*may* contain the specification of reasons.' (Italics added.) If the order stating the grounds does not also specify the reasons for the new trial, then 'the court must, within 10 days after filing such order, prepare, sign and file such specification of reasons in writing with the clerk.' Thus, under section 657, the grounds for the new trial must be stated in the order. The reasons may also be stated in the order, but the trial court has the option of filing a statement of the reasons at a later time. [¶] Section 657 also specifies guidelines for appellate review. It provides that an order granting a new trial 'shall be affirmed if it should have been granted upon any ground stated in the motion, whether or not specified in the order or specification of reasons . . . .' One qualification to this rule is that the appellate court cannot affirm on the grounds of insufficiency of the evidence or of excessive or inadequate damages unless such ground was specified in the trial court's order. (§ 657.)"

Here, the 60-day period in which the trial court had jurisdiction to grant a new trial expired on September 4, 1984, a week before the court filed its September 11 order. Steinhart argues that the judge granted his motion for a new trial in his order of August 21, 1984. He contends the September 11 order merely put into writing the court's order of August 21, 1984. Since the August 21 order was within the 60-day time period of section 660, the trial court did not act in excess of its jurisdiction. Moreover, he argues, the requirements of section 657 have been met because the trial judge stated his specifications on the record which were incorporated in the order of August 21, and again confirmed by the order of September 11. In short, Steinhart argues that strict compliance with the statutory scheme is not required to grant a motion for new trial.

■ Although the August 21 order occurred within the 60 day period of section 660, it did not comply with section 657. "Section 657 clearly distinguishes between grounds and reasons. If the motion for new trial is granted the order 'must state the ground or grounds relied upon by the court' and 'may contain the specification of reasons.' If the initial order does not contain the specification of reasons, then the court must prepare, sign and file such specification within 10 days." (*Sanchez-Corea* v. *Bank of America, supra,* 38 Cal.3d 892, 902.) Section 657 requires that the judge prepare both the order and specifications of reasons. The court may not assign this task to an attorney for a party.

The August 21 minute order states no grounds or reasons and only refers to the trial court's oral statement. ■ In *La Manna* v. *Stewart* (1975) 13

Cal.3d 413 [118 Cal.Rptr. 761, 530 P.2d 1073], our Supreme Court held that an oral specification of reasons is contrary to the requirements of section 657 that the specification be in writing. The *La Manna* court held that an oral pronouncement of reasons "no matter how thoroughly it may have been prepared, cannot amount to compliance in any degree, 'substantial' or otherwise, with a statutory directive that such a statement be in writing." (*Id.*, at p. 423.)

The *La Manna* case is not distinguishable merely because there, the minutes contained no reference to the record, and here they do. A mere statement of reasons on the record is not the same as a judge preparing and signing the specifications in writing as required by section 657. The September 11 order filed after the 60-day period states the grounds for granting the new trial but not the reasons. The reference to the transcript of August 21, 1984, does not turn an oral statement into a written one.

Steinhart argues that because the trial judge's decision and reasoning were the product of careful deliberation, and his specifications were preserved in the record, we would place form over substance to reverse the trial court. We agree that although the trial judge had never granted a motion for new trial before, he apparently gave careful consideration to the motion.

Nevertheless, words can easily trip off the tongue, whereas to write them down, to pin them to the page so they are permanent and not an evanescent utterance, requires more time, deliberation, and labor. "Reading maketh a full man, conference a ready man, and writing an exact man." (Bacon, *Of Studies,* in The Essays, or Counsels, Civil and Moral (1625).) Perhaps that is why the Legislature required that the judge, not counsel, state the grounds and reasons in writing for granting a motion for a new trial. He will thus not be faced with the dilemma of King Claudius: "My words fly up, my thoughts remain below: Words without thoughts never to heaven go." (Shakespeare, Hamlet, act III, scene iii.)

Motions for new trial are not often granted, and a busy trial judge, particularly one who has never granted such a motion before, may not have all the requirements of the relevant statutes at his fingertips. Trial counsel can be of inestimable value to both court and client by calling to the court's attention the peculiarities of a particular statute. ▪ Unfortunately, here we were unable to consider the merits of the motion itself. If the court purports to grant a motion for new trial after expiration of the statutory time for ruling on the motion, then the order granting a new trial is in excess of jurisdiction and void. (*Mercer* v. *Perez* (1968) 68 Cal.2d 104, 118 [65 Cal.Rptr. 315, 436 P.2d 315].)

The order vacating the judgment for defendant, and granting a new trial for plaintiff is reversed and the original judgment reinstated. Appellant awarded costs on appeal.

Stone, P. J., and Abbe, J., concurred.