84 Cal.Rptr.2d 51 (1999)
71 Cal.App.4th 544
Jessie THOMPSON, Plaintiff and Respondent,
v.
FRIENDLY HILLS REGIONAL MEDICAL CENTER, Defendant and Appellant.
No. G019116.
Court of Appeal, Fourth District, Division Three.
April 20, 1999.
*52 Atkinson, Andelson, Loya, Ruud & Romo, James H. Palmer, Barbara S. Van Ligten, Cerritos, and B. Kimberly Adams, for Defendant and Appellant.
Daniel D. Dydzak, for Plaintiff and Respondent.
Certified for Partial Publication.[*]

*53 O P I N I O N
CROSBY, Acting P.J.
Health care providers ought to know this rule: Above all else, do no harm.[1] So should their attorneys when prescribing an appeal.

I
Plaintiff Jessie Thompson worked as a nurse in the critical care unit of Friendly Hills Regional Medical Center in La Habra and had been employed there for 14 years. She was fired in April 1992 for allegedly falsifying her time sheets.
Thompson sued the hospital for breach of an oral contract not to discharge her without good cause and for breach of the implied covenant of good faith and fair dealing. She alleged her termination was pretextual and designed to deprive her of accrued retirement and pension benefits. She was 56 years old at the time of her termination, 6 years away from retirement.
The jury was instructed, "[t]here is a presumption under the laws of California that employment is at will [and] ... may be terminated by either the employer or the employee at any time, for any reason, good, bad, or nonexistent...." The jury was further instructed that the hospital had the legal right to dismiss Thompson if she failed to show, by a preponderance of the evidence, the existence of an oral contract requiring good cause.
The jurors found there was such an oral contract and the hospital fired Thompson without just cause and breached the implied covenant of good faith and fair dealing. Damages were assessed at $75,000.
The hospital moved for a new trial. It attached declarations from three dissenting jurors showing the damages were inflated by one-third in order to cover plaintiffs attorney fees. Thompson opposed the new trial motion with declarations from some of the majority jurors denying any agreement to increase the damages to include attorney fees.
The judge had retired, and a substitute heard the new trial motion. He expressed the view the award was excessive and should be reduced from $75,000 to $56,000. To avoid a new trial, Thompson accepted the remittitur "in the spirit of putting an end to this litigation...."
The minute order directed counsel to prepare the appropriate notices. The hospital subsequently produced a notice of ruling explaining why the conditional new trial order was granted. The court never drafted or filed a specification of reasons of its own. The hospital filed this ill-advised appeal from the judgment as reduced by the court.[2]

II
The hospital correctly contends the court lacked authority to issue a remittitur for any reason other than excessive damages, and in no case without preparing its own specification of reasons. But the hospital's reliance on a technicality has produced, appropriately enough, only a technical victory. Rather than ordering a new trial, as the hospital desires, the proper course is to reinstate the original judgment. Thus, by "succeeding" in this appeal, the hospital obtains a $19,000 increase in liability.
The remittitur is a judicially developed device, codified in Code of Civil Procedure section 662.5, to allow trial judges who disagree with a jury's determination of damages to order a conditional new trial unless the plaintiff agrees to a reduced damage award. The Supreme Court has held the remittitur is only to be used "to reduce excess damages" and cannot be employed "beyond that limited context." (Schelbauer v. Butler Manufacturing Co. (1984) 35 Cal.3d 442, 454, 198 Cal.Rptr. 155, 673 P.2d 743 [no remittitur *54 to reassess percentages of comparative fault among parties].)[3]
Jury misconduct may result in excessive damages and support a remittitur. That was the situation in Tramell v. McDonnell Douglas Corp. (1984) 163 Cal.App.3d 157, 171, 209 Cal.Rptr. 427, where the trial judge concluded damages were excessive based on juror declarations stating that plaintiffs counsel "would receive 33% of what we awarded to Mrs. Tramell and her children...." (Id. at p. 163, fn. 2, 209 Cal.Rptr. 427.) Tramell held use of a remittitur "is a permissible procedure.... There is no legal or logical impediment to the trial judge's decision that juror misconduct was an objective fact which improperly influenced the verdict herein." (Id. at p. 171, 209 Cal.Rptr. 427.)
But, as Tramell itself recognized, orders granting new trials on the ground of excessive damages must be accompanied by a written specification of reasons prepared and filed by the trial judge. (Id. at pp. 168-169, 209 Cal.Rptr. 427; see also Mercer v. Perez (1968) 68 Cal.2d 104, 115, 65 Cal.Rptr. 315, 436 P.2d 315["[I]f the ground is `misconduct of the jury' ... the judge should specify this improper method of deliberation as the basis of his action"].) And the Supreme Court has strictly interpreted the statutory requirement of Code of Civil Procedure section 657 for a written specification of reasons.[4] Trial judges have a "clear and unmistakable duty" to timely specify their grounds and reasons for granting a new trial, "and we expect that such duty will be faithfully discharged." (Treber v. Superior Court (1968) 68 Cal.2d 128, 136, 65 Cal.Rptr. 330, 436 P.2d 330.) An oral explanation will not suffice, and the task cannot be transferred to trial counsel. (La Manna v. Stewart (1975) 13 Cal.3d 413, 422, 118 Cal.Rptr. 761, 530 P.2d 1073 [substantial compliance unacceptable]; see also Stewart v. Truck Ins. Exchange (1993) 17 Cal.App.4th 468, 484, 21 Cal.Rptr.2d 338 [reversing new trial order as to punitive damages where "the trial court assigned no ground therefor and gave no reasons whatever"]; Steinhart v. South Coast Area Transit (1986) 183 Cal. App.3d 770, 774, 228 Cal.Rptr. 283 ["words can easily trip off the tongue, whereas to write them down, to pin them to the page so they are permanent and not an evanescent utterance, requires more time, deliberation, and labor"].)
No such specification of reasons issued here, only the ineffective musings and writings of court and counsel like those in the cases above. Neither the transcript of the new trial hearing nor defense counsel's notice of ruling satisfied the statutory requirement. And Thompson's immediate consent to the remittitur made no difference. (Greenfield v. Spectrum Investment Corp. (1985) 174 Cal.App.3d 111, 122, 219 Cal.Rptr. 805; see also 8 Witkin, Cal. Procedure (4th ed. 1997) Attack on Judgment in Trial Court, § 122, p. 626 ["The requirements of C.C.P. 657 are applicable to conditional new trial orders entered pursuant to C.C.P. 662.5, `even when subsequent actions of a party fulfilling a condition stated therein have the *55 effect of negating that order for new trial.'"].)[5]
The failure to supply an adequate specification of reasons renders the new trial order defective, but not void. Instead the hospital, as the party seeking a new trial, has the burden to sustain that position on appeal with "`a record and argument to support it.'" (Sanchez-Corea v. Bank of America, supra, 38 Cal.3d at p. 900, 215 Cal.Rptr. 679, 701 P.2d 826.)
We independently review all the grounds advanced for the new trial motion and will sustain the order "if it should have been granted upon any ground stated in the motion, whether or not specified in the order or specification of reasons...." (Code Civ. Proc., § 657.) That review includes searching the record, with the assistance of the party for whom the new trial was granted, "to find support for any other ground stated in the motion...." (Mercer v. Perez, supra, 68 Cal.2d at p. 119, 65 Cal.Rptr. 315, 436 P.2d 315.) While we give "considerable weight to the expressed opinion of the trial court" (Malkasian v. Irwin (1964) 61 Cal.2d 738, 749, 40 Cal.Rptr. 78, 394 P.2d 822), we nonetheless exercise our own judgment, following our review of the record, to determine whether a new trial is legally required.[6]
The court had no adequate basis for a new trial order, conditional or otherwise. (Sanchez-Corea v. Bank of America, supra, 38 Cal.3d at p. 906, 215 Cal.Rptr. 679, 701 P.2d 826.) We do not construe the juror declarations taken as a whole to show an express or implied agreement by the jury to inflate the verdict to include attorney fees. Other jurors contradicted the assertion of the three dissenting jurors. And the $75,000 awarded by the jury was the same amount requested in plaintiffs closing argument to cover her missed opportunities for overtime and lost pension plan benefits. That request included no claim for attorney fees. After examining the record, we conclude a new trial was not required as a matter of law because of alleged jury misconduct  or anything else.
Under like circumstances the court in Moore v. Preventive Medicine Medical Group, Inc. (1986) 178 Cal.App.3d 728, 223 Cal.Rptr. 859 affirmed the denial of a new trial for jury misconduct. In Moore two juror declarations were introduced to show a discussion among the jurors regarding the plaintiffs probable contingency fee obligation to his attorney. Distinguishing Krouse v. Graham (1977) 19 Cal.3d 59, 137 Cal.Rptr. 863, 562 P.2d 1022, the court found the declarations insufficient to "establish `[a]n express agreement by the jurors to include such fees in their verdict, or extensive discussion evidencing an implied agreement to that effect.' [Citations.].... The declarants do not suggest an express agreement was reached and the discussion they relate could hardly be characterized as extensive." (Moore, supra, *56 178 Cal.App.3d at pp. 740-741, 223 Cal.Rptr. 859, fn. omitted.)

III-IV[**]

V
In view of Thompson's rule violations on appeal, we decline to award her costs. Her respondent's brief was grossly defective, containing no references to the reporter's transcript and substituting invective for substantive analysis. Unnecessary time and court resources were consumed in returning the brief to counsel for resubmission of a new brief with appropriate transcript references. (Alicia T. v. County of Los Angeles (1990) 222 Cal.App.3d 869, 885, 271 Cal.Rptr. 513.)
The new trial order is reversed, and judgment is ordered to be entered on the verdict. Each side shall bear its own costs on appeal.
RYLAARSDAM, J., and BEDSWORTH, J., concur.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts III and IV.
[1] The Hippocratic Oath "begins with the words, `Primum non nocere,' i.e., `First, do no harm.'" (Thorburn v. Department of Corrections (1998) 66 Cal.App.4th 1284, 1290, fn. 6, 78 Cal.Rptr.2d 584, quoting American Medical Association, Council on Ethical and Judicial Affairs, Council Rep., Physician Participation in Capital Punishment (1993) 270 JAMA 365.)
[2] We dismiss that portion of the hospital's appeal to the extent it attacks the denial of its motion for new trial. An order denying a new trial is not separately appealable. (Gallup v. Board of Trustees (1996) 41 Cal.App.4th 1571, 1573, fn. 1, 49 Cal.Rptr.2d 289.)
[3] Section 662.5 states, "(b) If the ground for granting a new trial is excessive damages, [the trial court in its discretion may] make its order granting the new trial subject to the condition that the motion for a new trial is denied if the party in whose favor the verdict has been rendered consents to a [remittitur]."
[4] Code of Civil Procedure section 657 provides in pertinent part as follows: "When a new trial is granted, on all or part of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated.... [¶] ... If an order granting such motion does not contain such specification of reasons, the court must, within 10 days after filing such order, prepare, sign and file such specification of reasons in writing with the clerk. The court shall not direct the attorney for a party to prepare either or both said order and said specification of reasons. [¶] On appeal from an order granting a new trial the order shall be affirmed if it should have been granted upon any ground stated in the motion, whether or not specified in the order or specification of reasons, except that (a) the order shall not be affirmed upon the ground of ... excessive ... damages, unless such ground is stated in the order granting the motion and (b) ... it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in ... said specification of reasons, and such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons."
[5] Strict Supreme Court interpretations of section 657 have created a "procedural minefield" for trial judges who issue new trial orders. (Sanchez-Corea v. Bank of America (1985) 38 Cal.3d 892, 911, 215 Cal.Rptr. 679, 701 P.2d 826 (dis. opn. of Kaus, J.).) We see no principled reason, for example, why trial judges may not state their reasons for granting a new trial on a reported record, or why they cannot delegate to counsel the task of preparing the specification of reasons. In the similar context of a bench trial, for example, judges customarily request the prevailing party to draft a proposed statement of decision. (See Jordan v. Malone (1992) 5 Cal.App.4th 18, 21, 6 Cal.Rptr.2d 454; In re Rodrigo S. (1990) 225 Cal.App.3d 1179, 1183, 276 Cal.Rptr. 183.) These matters, however, are for the Legislature, not us. As the Supreme Court has noted, "The power of the [L]egislature [in] specifying procedural steps for new trials is exclusive and unlimited.... [T]he judiciary, in its interpretation of legislative enactments may not usurp the legislative function by substituting its own ideas for those expressed by the [L]egislature." (Sanchez-Corea v. Bank of America, supra, 38 Cal.3d at p. 905, fn. 5, 215 Cal.Rptr. 679, 701 P.2d 826, internal quotation marks omitted.)
[6] In contrast, where there is a specification of reasons for a new trial order based on jury misconduct, appellate courts defer to the trial judge's determination regarding misconduct and prejudice and will not interfere "`unless a manifest and unmistakable abuse of discretion clearly appears.'" (Weathers v. Kaiser Foundation Hospitals (1971) 5 Cal.3d 98, 109, 95 Cal.Rptr. 516, 485 P.2d 1132.) Weathers affirmed a new trial order in a medical malpractice case where juror declarations showed one juror telephoned his own doctor "and obtained his opinion, which was communicated to the other jurors, that viral encephalitis `was an incurable and fatal disease, and that the decedent [] was doomed from the beginning so, what were we doing here, and why didn't we get this thing over with.'" (Id. at p. 107, 95 Cal.Rptr. 516, 485 P.2d 1132.)
[**] See footnote *, ante.