[No. F040990. Fifth Dist. June 2, 2003.]

VICKIE LYNNE TWEDT et al., Plaintiffs and Respondents, v.
CARLY FRANKLIN et al., Defendants and Appellants.

## COUNSEL

Stammer, McKnight, Barnum & Bailey and M. Jacqueline Yates for Defendants and Appellants.

Kari L. Ley for Plaintiffs and Respondents.

## OPINION

**VARTABEDIAN, Acting P. J.**—The only question raised by this appeal is whether the form of the trial court's written order granting a new trial complies with Code of Civil Procedure section 657.[1] More specifically, are the provisions of section 657 that require a written statement of the reasons for granting a new trial satisfied by a written order that attaches and incorporates a hearing transcript where the trial judge states the evidence did not support the jury's finding of no negligence because the testimony of the defendant driver showed her negligence at least partially caused the collision with plaintiff's vehicle? Under the facts of this case, we conclude the order satisfied the requirements of section 657 and therefore affirm.

### FACTS AND PROCEDURAL HISTORY

Plaintiff Vickie Lynne Twedt brought a personal injury lawsuit for injuries allegedly suffered in a collision between a vehicle driven by her and a vehicle driven by defendant Carly Franklin. Plaintiff Brian Twedt sought damages for loss of his wife's consortium. Defendant Charles Franklin, Carly's father, was sued as the owner of the vehicle driven by Carly.

The case was tried to a jury. The jury unanimously answered "No" to question No. 1 of the special verdict, which asked if defendant Carly Franklin was negligent. Plaintiffs filed a motion for a new trial specifying three grounds, including insufficiency of the evidence to justify the special verdict.

The trial court granted plaintiffs' motion for a new trial. The entire text of the one-page order signed by the trial judge and dated May 7, 2002, is as follows:

"After hearing on May 2 and May 6, 2002, the matter having been briefed by the parties, argued and submitted;

"The court grants [plaintiffs'] motion for new trial on all issues.

---

[1] All further statutory references are to the Code of Civil Procedure.

"A dispassionate re-weighing of the evidence does not support the finding of no liability in the special verdict. The court incorporates a transcript of oral ruling attached in clarification of this order.

"All other pending motions are denied as moot.

"DATED this 7th day of May, 2002."

As an expansion of the general premise for granting the motion stated by the court in the above written order, the underlying reasoning for the trial court's decision is set forth in the attached transcript of the May 6, 2002, hearing. At one point the trial court stated: "That's the problem here. The problem is the jurors decided a fairly simple question in an absolute, definitive no way. And I have to decide whether by any unimpassioned, impartial view of the plaintiffs' evidence whether that is the correct decision. Because I have to reweigh it. And I don't reweigh with the obvious dislike for the plaintiffs that the jury had. And I say that in no—I mean, I'm just trying to be as realistic as I can. I'm not saying I agree with them or anything else, but it was clear the plaintiffs were not liked by the jury."

After reviewing some of the jury instructions regarding witness credibility and concluding the jury could properly disregard the testimony of Vickie Twedt, the trial court continued by stating:

"So disregard, disbelieve [Vickie Twedt's] testimony and what's that leave? Leaves Carly Franklin. So that is what I'm reweighing. I'm reweighing Carly Franklin and Officer Scott's testimony. And the position of the vehicles, the damage to the vehicles, the physical evidence. It wasn't a tap. The S-10 was banged up pretty bad. The position of the cars after the wreck showed—when Officer Scott saw them, showed there was substantial contact. That's what we're faced with. [¶] . . . [¶]

"But I think the interests of justice require a new trial on the issue because by any impassionate, unbiased, reweighing of the evidence, you're still stuck with Carly Franklin's evidence, which does not claim no negligence, it claims that [Carly] did the best she could and it wasn't good enough to stop. There's negligence to some degree on her part.

"Enough said?"

The trial court and the attorneys then discussed the preparation of a written order and both attorneys expressed reservations about preparing the order for the court. The trial court then stated:

"THE COURT: I'll order the transcript of my ruling typed up. I'll put it into a written form and sign the order today.

"MR. LEY: Thank you, your Honor.

"THE COURT: I think I said all I have to say. I have to reweigh the evidence. The law does not convince me, disregarding plaintiffs' testimony in its entirety, which I believe the jury might have done because of a credibility finding negative to your client, that still leaves Carly Franklin as the only other witness. Reweighing that testimony it's not consistent with a no negligence answer to question number one [of the special verdict]."

The order dated May 7, 2002, with the attached transcript and the clerk's certificate of mailing was filed on May 10, 2002. The minute order from the May 6, 2002, hearing stated: "The Court denies JNOV and grants Motion for New Trial in it's [*sic*] entirety as further stated on the record." Defendants filed a timely notice of appeal on July 2, 2002.

DISCUSSION

I.  *Standard of Review*

▮  Generally, an order granting a new trial is reviewed for an abuse of discretion. (*Lane v. Hughes Aircraft Co.* (2000) 22 Cal.4th 405, 412 [93 Cal.Rptr.2d 60, 993 P.2d 388].) However, this appeal only concerns the meaning of the language in section 657 and its application to the May 7, 2002, order. Issues of statutory construction and the application of that construction to a set of undisputed facts are issues of law subject to independent review on appeal. (See *California Teachers Assn. v. Governing Bd. of Golden Valley Unified School Dist.* (2002) 98 Cal.App.4th 369, 375 [119 Cal.Rptr.2d 642] [construction of a statute is purely a question of law].) Consequently, the question of whether the form of the trial court's written order granting the motion for a new trial fails to comply with section 657 and requires reversal is subject to independent review.

II.  *The Order Contained a Specification of Reasons for Granting a New Trial*

Section 657[2] provides in pertinent part:

---

[2]Section 657 also provides: "A new trial shall not be granted upon the ground of insufficiency of the evidence to justify the verdict or other decision, nor upon the ground of excessive or inadequate damages, unless after weighing the evidence the court is convinced

"When a new trial is granted, on all or part of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated. [¶] . . . [¶]

"The order passing upon and determining the motion must be made and entered as provided in Section 660 and if the motion is granted must state the ground or grounds relied upon by the court, and may contain the specification of reasons. . . . The court shall not direct the attorney for a party to prepare either or both said order and said specification of reasons."

██ The mandatory language of section 657 requires the trial court to specify the court's reason or reasons for granting the new trial. In this case, those reasons were—by attachment—part of the order and were not set forth in a separate specification of reasons filed after the order granting the motion for new trial. Consequently, the language in section 657 that addresses the requirements for a subsequently filed specification of reasons is not directly at issue in this appeal.[3]

██ With respect to the form of an order granting a new trial, section 660 requires that the order either be "entered in the permanent minutes of the court" or be "signed by the judge and filed with the clerk." (§ 660; see *La Manna v. Stewart* (1975) 13 Cal.3d 413, 421 [118 Cal.Rptr. 761, 530 P.2d 1073] (*La Manna*).) The Supreme Court has construed sections 657 and 660 to mean that both the order and statement of reasons must be in writing and has observed "that an oral recital, no matter how thoroughly it may have been prepared, cannot amount to compliance in any degree, 'substantial' or otherwise, with the statutory directive that such a statement be in writing." (*La Manna*, *supra*, at p. 423.)

The requirement for a *written* statement of reasons for granting a new trial has been construed to prohibit a trial judge from incorporating a transcript that contains the reasons underlying the grant of the new trial. Specifically:

---

from the entire record, including reasonable inferences therefrom, that the court or jury clearly should have reached a different verdict or decision. [¶] . . . [¶] On appeal from an order granting a new trial the order shall be affirmed if it should have been granted upon any ground stated in the motion, whether or not specified in the order or specification of reasons, except that (a) . . . (b) on appeal from an order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict . . . it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons, and such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons."

[3]That language in section 657 states: "If an order granting such motion does not contain such specification of reasons, the court must, within 10 days after filing such order, prepare, sign and file such specification of reasons in writing with the clerk."

"A judge cannot avoid preparing a written statement of reasons by incorporating a transcript of his or her oral reasoning when granting the new trial: 'A mere statement of reasons on the record is not the same as a judge preparing and signing specifications in writing as required by section 657.' [*Steinhart v. South Coast Area Transit* (1986) 183 [Cal.App.3d] 770, 774, 228 [Cal.Rptr.] 283, 285—trial judge carefully reviewed evidence at hearing on new trial and suggested transcript be prepared for his signature; later 'incorporated' transcript as his statement of reasons; *Thompson v. Friendly Hills Regional Med. Ctr.* [(1999) 71 Cal.App.4th 544,] 550, 84 [Cal.Rptr.2d 51,] 55, fn. 5]." (3 Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2002) ¶ 18:378, p. 18-79.)

■ We have reviewed *La Manna,* the Second Appellate District's opinion in *Steinhart v. South Coast Area Transit, supra,* 183 Cal.App.3d 770, and the Fourth Appellate District's opinion in *Thompson v. Friendly Hills Regional Med. Ctr., supra,* 71 Cal.App.4th 544, and conclude they are distinguishable from the present case. Those opinions do not indicate that a copy of the written transcript was physically attached to the written order.

In this case, (1) the written transcript specifying the reasons for the new trial was attached physically to the order, (2) the order referenced and incorporated the attached transcript, (3) the trial judge signed the order, and (4) the order and attachment were filed with the clerk of court. We conclude these facts fulfill the statutory requirements for a written order that was signed and filed and that specified the reasons for granting a new trial. The signed order is itself a separately drafted statement of reasons that includes by reference the physically attached written transcript.

Holding that the written order and attached transcript filed in this case complied with the form requirements of section 657 is consistent with the purposes underlying those requirements. The requirements as to form were "designed to serve the dual purposes of (1) promoting some deliberation on the part of the trial court in the exercise of its broad discretionary power to grant a new trial and (2) making the right of appeal more meaningful by focusing the reviewing court's attention on the portion of the record which justifies the new trial order. (*Mercer* v. *Perez* (1968) 68 Cal.2d 104, 112-113, 115 [65 Cal.Rptr. 315, 436 P.2d 315].)" (*Stewart v. Truck Ins. Exchange* (1993) 17 Cal.App.4th 468, 484 [21 Cal.Rptr.2d 338].)

The portion of the hearing that was transcribed and attached to the May 7, 2002, order shows the reasoning process used by the trial judge. After weighing the evidence found credible by the jury, the court decided the jury should have reached a different decision regarding the negligence of Carly

Franklin; that this evidence showed there was at least some degree of negligence. Also, the attachment shows the trial judge's decision was not hasty or ill-considered. (See *Mercer v. Perez, supra,* 68 Cal.2d 104, 113.)

In addition, had the substantive aspects of the order granting the new trial been challenged on appeal, the written transcript attached to the order is sufficiently specific to focus attention of the reviewing court on the portion of the record used to justify the new trial order. Specifically, the reviewing court would have known to review Carly Franklin's testimony about how the collision occurred to determine if that testimony showed her acts or omissions constituted negligence.

Accordingly, under the facts of this case, the incorporation by attachment of the written transcript that specifies the reasons for granting a new trial complies with the requirements of section 657. Thus, the order need not be reversed.

### DISPOSITION

The order granting the motion for new trial is affirmed. Respondent is awarded costs on appeal.

Buckley, J., and Cornell, J., concurred.