Filed 11/7/13  P. v. Ortega CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALBERT JUAN ORTEGA,<br><br>    Defendant and Appellant. | B248257<br><br>(Los Angeles County<br>Super. Ct. No. YA067634) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Eric C. Taylor, Judge.  Affirmed.

Rich Pfeiffer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Albert Juan Ortega appeals from an order denying his claim to $3,350 seized by the police in connection with a crime he committed. He contends the trial court erred by ruling his claim, made in response to the prosecutor's notice of administrative forfeiture, was untimely. He additionally argues the prosecution failed to make a prima facie showing that there was probable cause to believe the seized property was properly subject to forfeiture. We affirm the order denying the claim.

FACTS

On March 13, 2012, the prosecution served a Notice of Administrative Forfeiture (Notice) on appellant, who was in federal prison. According to the Notice, $3,350 in currency was seized on July 12, 2010, from appellant's home in connection with violations of the Uniform Controlled Substance Act, specifically Health and Safety Code sections 11378 and 11379, subdivision (a). The Notice contained instructions for filing a Claim Opposing Forfeiture (Claim), including the requirement that (a) the Claim be filed with the superior court within 30 days, and (b) a file-stamped copy of the Claim be served on the District Attorney within 30 days after the court filing.

On March 22, 2012, appellant mailed, via registered mail, a copy of his Claim to the superior court in Torrance. This form was stamped "Received" by the superior court on March 29, 2012. Appellant's accompanying affidavit was also stamped "Received."

On May 8, 2012, and June 21, 2012, appellant sent a letters to the superior court inquiring about the status of his claim. The court's minute order for August 1, 2012 states, "the court has received, reviewed and read [appellant's] letter regarding notice of administrative forfeiture." The court denied the request for return of the currency "as untimely." A copy of this minute order was mailed to appellant on August 3, 2012.

On August 13, 2012, and November 25, 2012, appellant sent letters to the superior court requesting reconsideration of the order denying his claim. On December 3, 2012, the court issued a minute order indicating: "Court has read and considered [appellant's] letter re: notice of administrative forfeiture. [¶] Court order[s] as follows: [appellant's]

2

request for return of $3350.00 is U.S. currency denied. [¶] [Appellant] failed to respond and his right to a claim was forfeited."

Appellant sent a letter to the court on February 14, 2013, requesting reconsideration. The minute order of March 11, 2013, refers to the letter and indicates: "The court takes no action. Defendant is referred to the Court [of] Appeal to file for relief if he so elects."

## DISCUSSION

### a. A claimant must comply with the procedures of the drug asset forfeiture law in order to challenge a seizure of property

Property seized under California's drug asset forfeiture law (Health and Saf. Code, §11469, et seq.),[1] may be forfeited in a judicial or nonjudicial (administrative) forfeiture. (§ 11488.4, subds. (a) and (j).) Where the seized property is less than $25,000, the District Attorney may seek an administrative forfeiture. (§ 11488.4, subd. (j).) In such a forfeiture, the District Attorney must serve any interested parties with a notice of the intended forfeiture. (§ 11488.4, subd. (b).) The notice must include a claim form with directions for filing and serving a claim, and the time limit for doing so. (§ 11488.4, subds. (c), (f) & (j).)

To make a claim for the property, a claimant must file a claim with the superior court within 30 days of receiving notice. (§ 11488.5, subd. (a)(1).) The claimant must also serve an "endorsed copy of the claim" on the District Attorney within 30 days of filing the claim. (*Ibid.*) If a claim is properly and timely filed and served, the District Attorney must file a petition of forfeiture within 30 days of the receipt of the claim, at which point the proceeding becomes a judicial forfeiture. (§ 11488.4, subd. (j).) If no claim is timely filed and served, the District Attorney prepares a written declaration of forfeiture of the property to the state, and disburses the property as set forth by statute. (§

---

[1] All further statutory references are to the Health and Safety Code.

3

11488.4, subd. (j); *People v. Property Listed in Exhibit One* (1991) 227 Cal.App.3d 1, 6-7.)

### b. The trial court properly denied appellant's Claim

Because appellant is challenging the application of undisputed facts to a required statutory procedure it appears the trial court's determination of timeliness is subject to de novo review. (*Twedt v. Franklin* (2003) 109 Cal.App.4th 413, 417 [questions of law involving compliance with statute are subject to independent review]; cf. *People v. $497,590 U.S. Currency (Girardo)* (1997) 58 Cal.App.4th 145, 152 [after a trial court conducts a hearing on disputed facts regarding forfeiture, the reviewing court examines the ruling under the substantial evidence test].) In any event, regardless of the applicable standard of review appellant is not entitled to a reversal of the trial court's order denying the Claim.

The trial court denied the Claim as "untimely" but the order does not clarify whether the ruling was based on: (a) the timing of the submission of the Claim to the superior court; or (b) the fact that the District Attorney was not timely served with the Claim.

Appellant appears to take issue with a determination by the trial court that the Claim was not filed in the superior court in a timely manner. He asserts he was served with the Notice on March 13, 2012. There is a stamp on the Notice from the Merced County Sheriff's Department dated March 13, 2012, and respondent does not challenge appellant's assertion. Thus, appellant had until April 12, 2012 to file his Claim.

It is undisputed appellant's Claim and accompanying affidavit were stamped "Received" on March 29, 2012 by the superior court. The record does not contain any explanation for the decision to stamp the documents "Received" rather "Filed."

Nonetheless, even if appellant's Claim was deemed filed on March 29, 2012, he still fell short of complying with the requirements necessary to contest the forfeiture. It is undisputed appellant never served an "endorsed copy" of his Claim on the District

4

Attorney, as he was required to do. Appellant places the blame for his omission on the court's failure to send him a conformed copy of the Claim. There is nothing in the record to show whether the court sent a stamped copy of the Claim back to appellant. Even if the court erred in failing to send appellant a stamped copy of his Claim, appellant's own failure to serve a copy on the District Attorney would not be excused. It was appellant's responsibility to obtain a stamped copy of the Claim, and then send it to the District Attorney.

Given the undisputed evidence that appellant did not timely serve a copy of his Claim on the District Attorney, the trial court properly ruled appellant did not challenge the Notice in a timely manner.

c. The trial court did not err in denying appellant's requests for reconsideration

A trial court's ruling denying relief from an untimely claim opposing forfeiture is reviewed for abuse of discretion. (See *County of Los Angeles v. Fairmont Specialty Group* (2009) 173 Cal.App.4th 538, 542 [no abuse of discretion in trial court's resolution of motion to set aside bail forfeiture]; see also *U.S. v. 51 Pieces of Real Property* (10th Cir. 1994) 17 F.3d 1306, 1319 [no abuse of discretion in district court's refusal to grant claimant additional time to file a claim in proposed forfeiture proceedings]; *U.S. v. Borromeo* (4th Cir. 1991) 945 F.2d 750, 754; *U.S. v. U.S. Currency, in amount of $103,387.27* (7th Cir. 1988) 863 F.2d 555, 561.)[2]

The requirements for filing a Claim were clearly explained in the Notice. Appellant mailed his Claim on March 22, 2012, but did not check on its status until 47 days later, on May 8, 2012. At that point, it would have been too late for appellant to fix any problems he might have discovered. Appellant offered no reason for his failure to

---

[2] California's drug forfeiture statute is patterned after the federal drug forfeiture statute at 21 U.S.C. § 881. (*People v. $28,500 U.S. Currency* (1996) 51 Cal.App.4th 447, 463.) For that reason, California courts consider federal decisions on asset forfeiture persuasive authority. (*People v. Super. Ct. (Moraza)* (1989) 210 Cal.App.3d 592, 598.)

follow up sooner.  Thus, the trial court did not abuse its discretion in denying appellant's request for reconsideration.

### d.  There is no basis to reach the merits of the forfeiture

Appellant contends the People did not make a showing of probable cause to believe the property is subject to forfeiture, and this Court can and should consider his Claim on the merits.

The People have the burden of proving probable cause only after a judicial proceeding has commenced.  (§ 11488.4, subd. (j).)  Because appellant did not serve the District Attorney with a copy of his Claim, no judicial proceedings were commenced. The merits of the forfeiture were never adjudicated, and there is no record for us to review.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KUMAR, J.[*]

We concur:

TURNER, P. J.

KRIEGLER, J.

_____

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.