P. R. PLUMMER ET AL. v. MRS. PERLA VAN ARSDELL ET AL.

No. 4882. Decided November 30, 1927.

(299 S. W., 869).

*H. T. Cooper* and *Clifford G. Beckham,* for appellees, in support of motion to dismiss, cited: Gwin v. United States, 184 U. S., 674; Baltimore & P. R. Co. v. Grant, 98 U. S., 398; 2 Cooley's Const. Lim. (8th Ed.), 745; Phoenix Ins. Co. v. Shearman, 43 S. W., 931; Lyon-Gray Lumb. Co. v. Gibralter L. Ins. Co., 269 S. W., 81; Pierce Co. v. Watkins, 114 Texas, 158.

*Marvin H. Brown* and *Roe & Brown,* for appellants, opposing motion, cited: Taylor v. Duncan, Dallam, 514; Constitution, Art. 1, Sec. 16; Collins v. Warren, 63 Texas, 311; Mellinger v. City of Houston, 3 S. W., 249; I. & G. N. Ry. Co. v. Edmundson, 222 S. W., 181; Wheatland v. Lovering, 10 Gray (Mass.), 16; Martin v. State, 22 Texas, 214; Freeman v. Wilson, 222 S. W., 551; Spence v. Feuchler, 180 S. W., 597; 60 Rul. Case Law, 294.

Mr. Presiding Judge HARVEY delivered the opinion of the Commission of Appeals, Section A.

Certified question from the Court of Civil Appeals for the Second Supreme Judicial District. The certificate reads as follows:

"In the above entitled cause James Van Arsdell and wife sued P. R. Plummer and wife, Mrs. P. R. Plummer, to recover damages for personal injuries sustained by Mrs. Van Arsdell in a collision between a car driven by Mrs. Van Arsdell and a car driven by P. R. Plummer, and alleged to have been driven by him as the agent of his wife. In the trial court, upon a verdict returned by the jury in favor of the defendants, judgment was rendered in their favor. Thereafter, and on March 23, 1926, the trial court granted plaintiff's motion for a new trial, and from that order the defendants have prosecuted an appeal to this court. The transcript of the record was filed in this court on August 12, 1926, and appellants' briefs were filed August 13, 1926. On April 9, 1927, this court reversed

the order of the trial court for further proceedings not inconsistent with the decision of this court. On May 14, 1927, appellees' motion for rehearing was overruled.

"On May 24, 1927, appellees filed their motion to dismiss the appeal, based upon the Act of the Regular Session of the Fortieth Legislature, as shown on pages 75 and 76 of its Acts, which became effective February 21, 1927. This Act so amended Art. 2249, Rev. Stats., of 1925, as to repeal the former provision therein allowing an appeal from an order of court granting a motion for a new trial.

"After the filing of that motion, we set aside our former order overruling appellee's motion for rehearing and continued that motion pending the disposition of the later motion to dismiss the appeal.

"In view of the fact that many appeals are now pending from orders granting motions for new trial, filed prior to the passage of the Act of the Fortieth Legislature referred to above, and in view of the importance of the question, we deem it advisable to certify to your Honorable Court for determination the question whether or not the motion filed herein to dismiss the appeal upon the ground stated should be sustained?"

No party to a civil action has a constitutional right of appeal from an order of the trial court granting a new trial. The privilege of appeal from an order of that kind was rooted exclusively in the statutory provision granting that privilege, as contained in Art. 2249 of the Revised Statutes of 1925. The amendment that was made of that article in February, 1927, effected a repeal of the provision in question; and, as there is no saving clause from orders granting new trials, those appeals which were undetermined fell with the law which had authorized them. The Court of Civil Appeals no longer had jurisdiction in those matters, and the pending proceedings died where the repealing statute found them. An appealing party had no vested right to a review by the appellate court under the provisions of the repealed law, consequently the law withdrawing such reviewing power from that court could not be regarded as retroactive. Baltimore, etc. R. R. v. Grant, 98 U. S., 401; 25 L. Ed., 232; Gwin v. U. S., 184 U. S., 674, 46 L. Ed., 748.

The appellees' motion to dismiss the appeal herein should be sustained by the Court of Civil Appeals, and we recommend that the certified question be so answered.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. <em>Cureton,</em> Chief Justice.