**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Jack D. VINEYARD, Appellee.**

No. 3396.

Court of Civil Appeals of Texas.

Waco.

Nov. 15, 1956.

Rehearing Denied Dec. 13, 1956.

Burford, Ryburn, Hincks & Ford, Dallas, for appellant.

Caldwell, Baker & Jordan, Dallas, Baker & Martin, Warner Evans, Sherman, for appellee.

TIREY, Justice.

This is a suit to set aside a compromise settlement agreement in a compensation case. Appellee grounded his cause of action on fraud practiced upon him in obtaining his signature to the agreement. This is the second appeal. See Vineyard v. Texas Employers Ins. Assn, Tex.Civ.App., 263 S.W.2d 675, 680.

At the conclusion of the testimony the court overruled appellant's motion for instructed verdict and the jury found substantially: (1 to 6 incl.) that appellant's claim agent showed the written report of Dr. Brown to appellee prior to his signing the settlement agreement, and he believed such report when he signed the settlement agreement, and appellee would not have en-

tered into the settlement agreement had the written report not been shown to him by appellant's agent, and that the opinions expressed by Dr. Brown in the written report were false and erroneous, and that in showing the written report of Dr. Brown to plaintiff appellant's agent was acting to procure a compromise settlement agreement; that before signing the settlement agreement appellee was advised by the claim agent that Dr. Brown said that appellee would be well in two or three weeks, and that he believed the oral statement of Dr. Brown as related to him by the agent when he signed the settlement agreement, and that appellee would not have entered into the agreement had the opinion of Dr. Brown, as related by the agent, not been made; (6 and 7) that the opinion expressed by Dr. Brown in the oral report, as related by the agent to appellee, was false and erroneous, and that the agent in relating Dr. Brown's oral statement to appellee was acting to procure a settlement agreement; (8) appellee did not sustain total incapacity to labor; (11) that appellee did sustain partial incapacity to labor; (12) that such partial incapacity to labor was permanent; (14) that the degree of extent of such partial incapacity to labor was 50%; (15) that $41.20 would be just and fair to all parties as the average weekly wage of appellee; (16) that the extent of the injury of appellee on the occasion in question was uncertain, indefinite and incapable of being satisfactorily established; (17) that the injuries of appellee on August 10, 1949, were not healed, cured and no longer existing within a period of approximately three weeks from the date of the alleged injury; (18) that appellee's disability was not solely the result of his pre-existing congenital and developmental deformity (spondylolisthesis) including from ½″ to 1″ displacement of the fifth lumbar vertebra on the sacrum in his back; (19) that appellee's disability was not solely the result of his preceding activities during the 1949 football practice and playing period, together with his preexisting congenital and developmental deformity; (20) that the claim agent correctly repeated to plaintiff the oral statement of Dr. Brown, which statement Dr. Brown had on August 11, 1949 orally expressed to appellee regarding his condition and the length of his disability.

The court overruled appellant's motion for judgment non obstante veredicto and granted appellee's motion to disregard certain findings of the jury, and in the judgment we find this recital: "* * * being of the opinion that there was no evidence or insufficient evidence to support the jury's answer to Special Issue No. 16, and that Special Issues Nos. 16 and 20 were not ultimate issues and were immaterial, said motion is in all things granted and sustained and the answers by the jury to Special Issues Nos. 16 and 20 are hereby disregarded, and the court being further of the opinion that, based on the answers of the jury to the remaining special issues, plaintiff ought to recover judgment against defendant, * * *," and decreed that such compromise settlement be set aside, and that the sum of $75 paid by appellant to the appellee under the terms of such settlement be credited to any amount of compensation hereafter awarded to appellee against appellant arising out of the accident in question. Appellant duly excepted to the order and gave notice of appeal.

The judgment is assailed on what appellant has designated as 13 Points. Points 1 to 6 inclusive are substantially to the effect that (1 and 2) the court erred in refusing to render judgment for appellant notwithstanding the verdict because there was no evidence that Dr. Brown was the agent of appellant and that the evidence was undisputed that defendant's claim agent correctly repeated to appellee the statement made by Dr. Brown, and that there was no evidence that Dr. Brown was the agent of appellant; (3 and 4) in overruling the exceptions to appellee's petition and the objections to the court's charge to the effect that there was no pleading that Dr. Brown was the agent of appellant, and in

failing to submit to the jury an issue inquiring whether or not Dr. Brown was the agent of appellant and in rendering judgment cancelling the compromise settlement agreement in the absence of a finding that Dr. Brown was appellant's agent; (5) in overruling appellant's objection to the special issue submitted to the jury because they assumed that Dr. Brown was the agent of appellant; (6) because the court failed to submit any issue based upon the lack of such issue embracing the theory of ratification or adoption of Dr. Brown's statement by appellant.

Appellee in reply says substantially that the previous decision of the Dallas Court heretofore cited is decisive and binding on this court, and further says that the only substantial difference in the case as developed in the second trial and the record on the first trial is that in the first trial it was assumed that prior to Vineyard's employment he received a previous pre-employment physical examination by Dr. Brown, and that this Dr. Brown was the same one whose report was in question in this suit. On the trial before us it is shown that Dr. Brown did not give the appellee the pre-employment examination and that such pre-employment physical examination was given by some other doctor associated with Dr. Brown in the same clinic. It is without dispute that when appellant claimed he was injured he was advised by the superintendent of the Mill to go to the Medical and Surgical Clinic and that the nurse in the office inquired of him what he was there for and asked him specifically if he was there for an injury or an examination to go to work and that he told her he was there for an injury and she directed him to Dr. Brown. We have carefully read the opinion by the Dallas Court of Civil Appeals and we have obtained from the Clerk of the Supreme Court a filed copy of appellant's petition for writ of error in that court and after reviewing it we are in accord with appellee's views. The opinion of the Dallas Court here cited is comprehensive; it is clear, and we think the opinion is in accord

with the well settled authorities of our state. In that opinion we find: "After reviewing the authorities we are of the opinion that the doctor [referring to Dr. Brown] was not the agent of Vineyard, but was the agent of the employer, and when the agent of the insurance company used the doctor's statement, it was charged with the truthfulness of such statement in that it was a representation to Vineyard as to his condition." That was the controlling point in the first case and we think it is still the controlling point in this case, and the Supreme Court has given its approval of the judgment rendered by the Court of Civil Appeals by holding that there was no reversible error, and we think we are bound thereby. See also Graves v. Hartford Accident & Indemnity Co., 138 Tex. 589, 161 S.W.2d 464 (Com.App., opinion adopted). Therefore, Points 1 to 6 inclusive are overruled.

Appellant's seventh point is: "The trial court erred in disregarding the jury's answers to Special Issues Nos. 16 and 20 in rendering judgment for plaintiff." Point 8: In refusing to grant a mistrial because of material and irreconcilable conflict between the answers of the jury to Issue No. 16 to the effect that the extent of plaintiff's injury was uncertain, indefinite and incapable of being satisfactorily established and the answers to Special Issues Nos. 11, 12 and 14 to the effect that plaintiff had sustained 50% partial permanent incapacity. Point 9: In refusing to grant a new trial because of material and irreconcilable conflict between the answer of the jury to Special Issue No. 16 to the effect that the extent of plaintiff's injury was uncertain, indefinite and incapable of being satisfactorily established and the answers to Special Issues Nos. 1 through 7 to the effect that plaintiff relied upon false and erroneous statements both written and oral by Dr. Brown in making the compromise settlement agreement. We are not in accord with these views.

It is true that the jury in answer to Issue No. 16 found that appellee's injury was uncertain, indefinite and incapable of being

satisfactorily established and in Issue No. 20 found that at the time appellee entered into the compromise settlement agreement that the adjuster correctly repeated to appellee the oral statement of Dr. Brown, which statement Dr. Brown had orally expressed to appellee regarding his condition and the length of his disability.

■ Appellee in his reply to appellant's contention says substantially that Issue No. 16 did not inquire as to the uncertainty or indefiniteness of the cause of plaintiff's injury, but rather inquired as to the indefiniteness of their extent; that the conflicting issues regard findings of the jury whereby they fixed the extent of partial incapacity without fixing the date thereof after having answered Special Issue No. 16 yes. "It is, of course, a conflict for the jury in one breath to say that the cause of an individual's injuries are indefinite and in the next breath to say that they are definite by reason of an on the job injury. This is not the same as saying that injuries to an individual are of indefinite extent and then later in answer to a demand to the jury to find and determine from all of the conflicting evidence what the extent of the injuries actually amounts to for them to answer with a certain definite percentage. This of course is their essential job. Regarding these particular issues it was the obligation of the jury to so find the extent of disability and to resolve whatever conflict there was. The fact that they were able to agree and resolve the conflict does not necessarily indicate that it was impossible for the extent of the disability to have been in conflict and incapable of certain and definite ascertainment some five years earlier at the time that the Industrial Accident Board heard and passed on the compromise settlement agreement in question. * * * That Issue No. 16 is of doubtful materiality and is not an ultimate issue is illustrated by the fact that its real basis is to inquire whether or not the Industrial Accident Board had jurisdiction to approve the compromise settlement agreement to begin with. In this case no question has been raised as to the right of the Industrial Accident Board to approve the claim * * * Issue No. 16 was an issue submitted at defendant's request. The original purpose of submission of the issue is not clear due to the fact that it inquires into a proposition that was admitted by both sides. Art. 8307, § 12, of the Revised Civil Statutes reads as follows: 'Where the liability of the association or the extent of the injury of the employé is uncertain, indefinite or incapable of being satisfactorily established, the board may approve any compromise, adjustment, settlement or commutation thereof made between the parties.' Issue No. 16 inquired whether the Industrial Accident Board originally had jurisdiction to enter and approve the compromise and since neither party contended that they did not have jurisdiction it is impossible that Issue No. 16 could have been an ultimate issue of fact." We think the foregoing is a correct analysis of this situation. We also think our view here is supported by Estes v. Hartford Accident & Indemnity Co., Tex.Civ.App., 46 S.W.2d 413 (no writ history); also Davis v. Commercial Standard Ins. Co., Tex.Civ.App., 194 S.W.2d 599 (writ ref. nre). It is clear to us that it was not necessary to a recovery for appellee that Issue No. 16 be submitted and answered. It is without dispute that the Board had jurisdiction to enter the compromise settlement agreement. *That question could have no bearing on whether the compromise settlement was procured by fraud.* As above stated, it is our view that the trial court did not err in disregarding this finding. Finally, we think we should say that Issue No. 16 referred to a specific condition existing as of date August 10, 1949. The other issues which appellant claimed to be in conflict with that issue do not relate to that specific date, but on the contrary many of them relate to a subsequent or later date. Needless to say, the extent of appellee's injuries may have been indefinite and uncertain on August 10, 1949, but that does not mean that such condition of indefiniteness existed thereafter

and for all time. So again we say that the answer of the jury to Issue No. 16 is not in conflict with the other issues complained of by appellant. Points 7, 8 and 9 are overruled.

 Point 10 is: The court erred in failing and refusing to submit an issue to the jury inquiring when the partial incapacity of plaintiff began. Point 11 is: The court erred in placing the burden of proof on defendant in Special Issues Nos. 17, 18 and 19. Point 12 is: The court erred in overruling defendant's objection to Issue No. 15 based upon the failure of the proof to negative the applicability of subdivision (2) of Section 1 of Art. 8309, R.C.S., Vernon's Ann.Civ.St.; and Point 13, that the court erred in failing to submit to the jury an issue whether another employee in the same or similar employment in the same area worked substantially the whole year prior to plaintiff's injury. Since this is an action to set aside a settlement agreement and not a suit to determine the compensation that may be finally awarded to appellee, it is our view that the foregoing points do not present reversible error.

It is now well settled that "in the trial of a suit to set aside a compromise agreement in a Workmen's Compensation case, the trial court had no jurisdiction to pass upon a claim for compensation or to render judgment for such compensation." See Brannon v. Pacific Employers Ins. Co., 148 Tex. 289, 224 S.W.2d 466, 468, point 1. See also points 2, 3, 4, 5, 6 and 7. Appellee in his brief says: " * * * the issues concerning the compensation due Vineyard in this case are not submitted to determine the amount of compensation due him, but instead are submitted for the purpose of showing injury by reason of the fraud perpetrated upon him. These issues are likewise submitted for the purpose of excusing a tender back of the amount paid under the compromise settlement agreement and the authorities are uniform in holding that beyond these two points the district court had no jurisdiction to pass upon a claim for compensation." We are in accord with these views, and by reason of the pronouncements in the Brannon case, supra, we overrule Points 10, 11, 12 and 13.

Accordingly, the judgment of the trial court is affirmed.

HALE, J., not participating.