TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

Jack D. VINEYARD, Appellee.

No. 15679.

Court of Civil Appeals of Texas.

Dallas.

Sept. 30, 1960.

Rehearing Denied Oct. 28, 1960.

Burford, Ryburn & Ford, Dallas, for appellant.

Baker, Jordan, Davey & Shaw, and Marvin David Shwiff, Dallas, for appellee.

DIXON, Chief Justice.

Appellant Texas Employers' Insurance Association has appealed from a judgment in the amount of $5,936.48 in a workmen's compensation suit.

This is the fourth appeal in the case. For the other appeals see Vineyard v. Texas Employers' Insurance Association, Tex. Civ.App., 263 S.W.2d 675; Texas Employers' Insurance Association v. Vineyard, Tex. Civ.App., 296 S.W.2d 588; and Texas Employers' Insurance Association v. Vineyard, Tex.Civ.App., 316 S.W.2d 156.

Appellee Vineyard, a high school student, sustained an injury to his back on August 10, 1949 while working at a summer job for Fant Milling Company in Sherman, Texas. At the time of the injury he was attempting to lift a 100-pound sack of feed. He returned to high school the following autumn, graduating in June 1950. In July 1950 an operation was performed fusing his third, fourth and fifth lumbar vertebrae.

The first complaint of appellant on this appeal is that the trial court submitted the partial incapacity issue in terms of percentage of incapacity instead of inquiring as to appellee's average weekly wage earning capacity during the existence of his partial incapacity. Appellant contends that the submission in terms of percentage of incapacity was contrary to the provisions of Art. 8306, § 11, Vernon's Ann.Civ.St.

We quote from the above Statute:

"While the incapacity for work resulting from the injury is partial, the association shall pay the injured employee a weekly compensation equal to sixty per cent (60%) of the difference between his average weekly wages before the injury and his average weekly wage earning capacity during the existence of such partial incapacity, * * *. *Compensation for all partial incapacity resulting from a general injury shall be computed in the manner provided in this Section, and shall not be computed on a basis of a percentage of disability.*" (Emphasis ours.)

We have emphasized the last sentence above quoted because it was added to the Statute by amendment in 1957. Prior to 1957 the Statute did not include the provision expressly forbidding the computation of partial incapacity on a percentage basis.

### Effect of 1957 Amendment.

As we have said, the injury in this case occurred in 1949, several years prior to the amendment of 1957. Nevertheless it is appellant's contention that the Statute as amended applies to this case, and that it was reversible error under the amended Statute for the court to submit the issue inquiring as to appellee's percentage of disability.

In support of this contention appellant asserts, in the first place, that the amendment is merely declaratory in nature, that its purpose was not to amend or change the existing Statute, but merely to clarify the meaning of the Statute and put an end to the conflict in court decisions with respect to the interpretation of the Statute. Appellant cites us to Stanford v. Butler, 142 Tex. 692, 181 S.W.2d 269 (Syls. 8 & 9), 153 A.L.R. 1054; Texas-Louisiana Power Co. v. City of Farmersville, Tex.Com.App., 67 S.W.2d 235 (Syl. 11); Clayton v. Schultz, 4 Cal.2d 425, 50 P.2d 446 (Syl. 5); 39 Tex.Jur. 239; and 9 Baylor Law Review, 358–361.

In the second place, appellant says that the amendment at most was merely a change in procedural law, so is applicable retrospectively to pending cases. Patton v. New Amsterdam Casualty Co., Tex.Com.App., 36 S.W.2d 1000; Plummer v. Van Arsdell, 117 Tex. 200, 299 S.W. 869; and Phil H. Pierce Co. v. Watkins, 114 Tex. 153, 263 S.W. 905.

█ We do not agree with appellant. We have no quarrel with the holdings and views of the authorities cited by appellant. But they are not applicable here because the 1957 enactment expressly provides that it *amends* the existing Statute and that its provisions shall not affect cases involving injuries which occurred prior to the date of the amendment.

We quote from the caption of the 1957 enactment:

"An Act * * * *amending* Section * * * 11, * * * of Article 8306 * * * providing that this Act shall not affect any rights which have vested or accrued prior to the effective date hereof, and retaining prior laws in effect in so far as injuries sustained prior to the effective date hereof * *." (Emphasis ours.)

Texas General and Special Laws, 55th Legislature, Chapter 397, p. 1186.

We quote also from Section 4, of the Amending Bill as passed by the Legislature:

"As respects claims for injuries sustained prior to the effective date of this Act, no inchoate, vested, matured, *existing or other rights, remedies,* powers, duties or authority, either of any employee or legal beneficiary, or of the Board, or of the Association, or of any other person shall be in any way affected by any of the amendments or repeals herein made to the original law hereby amended or repealed, but all such *rights, remedies,* powers, duties and authority shall remain and be in force as under the original law just as if the amendments or repeals hereby adopted had never been made, and to that end it is hereby declared that as respects such injuries occurring prior to the effective date of this Act, said original law is not repealed, but the same is, and shall remain in full force and effect as to *all such rights, remedies,* powers, duties, and authority; * * *." (Emphasis ours.)

In view of the above legislative expressions we think it is too plain for argument that our Legislature intended that the 1957 amendment of Art. 8306, § 11, V.A.C.S. should not affect any rights, vested or remedial, with respect to injuries which occurred prior to the enactment of the amendment. See also Consolidated Casualty Ins. Co. v. Smith, Tex.Civ.App., 309 S.W.2d 80, 84.

However in connection with appellant's first point on appeal we think it is well to emphasize that in this opinion we are not passing on the effect of the 1957 amendment to Art. 8306, § 11, V.A.C.S. with reference to injuries which occurred subsequent to the amendment. We are here concerned only with injuries which occurred prior to the amendment. We shall therefore address our attention to the law as it was before the enactment of the amendment.

#### Law Prior to 1957 Amendment.

There was not a unanimity of judicial opinions interpreting Art. 8306, § 11, V.A.C.S. prior to the amendment of 1957. In some instances it was held that the submission of a percentage issue with reference to partial disability was improper. Texas Employers' Insurance Association v. Swaim, Tex.Civ.App., 278 S.W.2d 600; Traders & General Insurance Co. v. Hicks, Tex.Civ.App., 94 S.W.2d 824; Lloyds Casualty Co. v. Meredith, Tex.Civ.App., 63 S.W. 2d 1051.

In other instances it was held that the submission of a percentage issue was not improper. Appellee has cited thirteen cases, some of them quite recent, in support of this view. Among these cases are Consolidated Casualty Insurance Co. v. Smith, Tex.Civ. App., 309 S.W.2d 80, 84; Indemnity Insurance Co. of North America v. Marshall, Tex.Civ.App., 308 S.W.2d 174; Texas Employers' Insurance Association v. Goforth, Tex.Civ.App., 307 S.W.2d 610, 613; Consolidated Casualty Insurance Co. v. Newman, Tex.Civ.App., 300 S.W.2d 160, 162; American General Insurance Co. v. Bailey, Tex.Civ.App., 287 S.W.2d 290, 292; Texas Employers' Insurance Association v. Spivey, Tex.Civ.App., 231 S.W.2d 760; and Traders & General Insurance Co. v. Robinson, Tex. Civ.App., 222 S.W.2d 266, 269.

■ In Traders & General Insurance Co. v. Robinson, supra, the Texarkana Court of Civil Appeals said: "The finding by the jury that appellee suffered 85 per cent disability, together with a stipulation of his earnings of $70.40 per week furnished a sufficient basis for computing his average weekly wage earning capacity during the existence of such partial incapacity. Traders & General Insurance Co. v. Patterson, Tex.Civ.App., 123 S.W.2d 766, and authorities there cited." Our Supreme Court refused a writ of error in the Robinson case, thereby approving not only the decision but the principles of law declared in the opinion. Rule 483, Texas Rules of Civil Procedure.

■ It is our opinion that it was not reversible error for the trial court to submit a percentage issue in regard to appellee's partial incapacity. Appellant's first point on appeal is overruled.

■ In its second to seventh points inclusive, appellant asserts error in the refusal of the court to submit appellant's five requested issues concerning appellee's wage earning capacity during five different periods after his injury, since there was evidence that his earning capacity varied as between such periods. It is undisputed that appellee changed to better jobs once or twice and received raises in pay on other occasions after he went back to work following his injury.

We see no merit in these points. Rule 279, T.R.C.P. provides that where the court has fairly submitted the controlling issue, the case will not be reversed because of the failure to submit other and various shades of the same issue. It was not error for the court to refuse to submit five shades of the partial incapacity issue.

The case of Wright v. Traders & General Insurance Co., 132 Tex. 172, 123 S.W. 2d 314, 316, while not exactly in point with the instant case, comes fairly close to the point. The court there passed on this question: When a percentage issue of partial incapacity is submitted in behalf of plaintiff, is it necessary also to submit the same issue in the negative if requested by defendant? A Commission of Appeals opin-

ion, adopted by our Supreme Court, answered no. We quote from the opinion:

"The issue affirmatively phrased correctly submits plaintiff's alternative basis of recovery and at the same time accords defendant an affirmative submission of its ground of defense. The burden of proof is not misplaced by an affirmative statement of the issue, as the defendant has the burden of establishing by a preponderance of the evidence its defense of partial incapacity. Nor has defendant any just ground of complaint to its submission affirmatively. * * * No reason is apparent why the finding of the jury upon the issue affirmatively submitted cannot justly serve the diverse purposes of plaintiff and defendant."

Appellant's second to seventh points inclusive are overruled.

The judgment of the trial court is affirmed.