## In re VOLKSWAGEN OF AMERICA, INC., Relator.

### No. 00–0025.

Supreme Court of Texas.

May 11, 2000.

Timothy R. Bersch, Kevin F. Risley, Gilpin Paxson & Bersch, Houston, Raul A. Gonzalez, Locke Liddell & Sapp, Austin, Eduardo R. Rodriguez, Joseph A. Rodriguez, Rodriguez, Colvin & Chaney, Brownsville, for relator.

Greg M. Powers, Harlingen, Victor M. Carrera, Roger Reed, Alberto Luis Guerrero, Reed Carrera & McLain, David Neal Calvillo, Rodriguez Pruneda Tovar Calvillo & Garcia, McAllen, for respondent.

Justice HECHT, joined by Justice OWEN, dissenting from the denial of the petition for mandamus.

The trial in this case, like the trial in *In re Bayerische Motoren Werke, AG*,[1] took three weeks. Juries in both cases found in favor of the defendant. The trial courts in both cases granted new trials "in the interest of justice" without explanation. For the same reasons I explained in *BMW*, I dissent from the denial of relator's petition for mandamus that would require an explanation from the trial court justifying a new trial.

Haley Sperling, driving a Volkswagen Passat, was passing a vehicle driven by Rudy Garza, when the vehicles bumped twice and Sperling's vehicle swerved into opposing traffic lanes, colliding head-on with a vehicle driven by Diana Guerra. Sperling and Guerra were both killed, and Guerra's daughter, a passenger in her car, was seriously injured. The Sperling and Guerra families sued Volkswagen of America, Inc., Garza, and others, and either settled or dismissed their claims against all defendants except Volkswagen and Garza before trial. Plaintiffs claimed that the accident was caused by the failure of the left rear wheel on Sperling's vehicle. Volkswagen claimed that the wheel did not fail but was damaged in the accident. The jury failed to find that the Volkswagen vehicle was defective or that the accident was caused by Volkswagen, Sperling, or Garza. The trial court rendered judgment on the verdict that plaintiffs take nothing. Plaintiffs moved for a new trial on the ground that the verdict was against the great weight and preponderance of the evidence. The trial court granted plaintiffs' motions, stating in its order that "the Court is of the opinion that a new trial should be granted in the interest of justice." The trial court gave no other explanation for its ruling.

I continue to believe, as I explained at length in *BMW*, that while trial courts should have broad discretion to grant a new trial in the interest of justice, that discretion should not be insulated from all review, and trial courts should be required to state reasons for their rulings. It is never too much, in my view, to require a court to state a reasoned basis for its ruling. To refuse to render judgment on a verdict without stating a reason is not in the interest of justice, but in the interest of injustice.

1. 8 S.W.3d 326 (Tex.2000) (Hecht, J., dissenting from the denial of the petition for mandamus).