IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 06-0416
════════════
 
In re Columbia Medical Center 
of Las Colinas, Subsidiary, L.P. d/b/a Las Colinas Medical Center, Antonette Conner, and Anna Mathew, Relators
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
 
Argued September 
27, 2007
 
 
            
Justice O’Neill, joined by Chief Justice Jefferson, Justice 
Medina, and Justice Green, dissenting.
 
            
I agree that trial courts should not set aside jury verdicts without 
valid reasons. And I might agree that a change in the procedural rules to 
require trial judges to state good cause more particularly than “in the 
interests of justice and fairness” would be well advised, though the Legislature 
has only seen fit to impose such a requirement in criminal cases. But declaring 
such a rule by judicial fiat on interlocutory review, and issuing mandamus 
relief against the trial court for not following it, turns our mandamus 
jurisprudence on its head. The Court recites that “exceptional circumstances” 
justify mandamus relief when the trial court shows “such disregard for guiding 
principles of law that the harm . . . is irreparable.” ___ 
S.W.3d ___, ___ (internal quotations omitted). Yet this case presents 
neither exceptional circumstances nor a departure from controlling law, as the 
trial court followed one of our most well-established legal principles. We have 
long held, unequivocally, that a trial court may grant a new trial “in the 
interests of justice and fairness,”1 and trial and appellate courts have taken 
us at our word.2 The Court simply changes the rule and 
jettisons the law upon which the trial court relied. After today, I see no 
principled basis for denying mandamus review of any potentially dispositive but unexplained interlocutory ruling.
            
The Court’s premise is simple enough and, on first glance, compelling: 
public confidence in the judicial system will be enhanced if trial courts 
explain the reasons for their rulings. This premise, though, would surely apply 
with equal force to any number of interlocutory rulings, such as why the court 
impaneled jurors who were challenged for cause, granted or denied a motion for 
summary judgment, allowed or disallowed particular discovery, exercised its 
gatekeeping function as it did with regard to a key 
expert witness, or admitted or excluded potentially dispositive evidence. A trial court’s ruling on matters like 
these, if wrong, could ultimately lead to reversal on appeal and necessitate the 
expense and delay of a new trial. Yet we have never justified interlocutory 
review of such decisions on the trial court’s failure to expound its 
reasoning.
            
Unlike many other jurisdictions, Texas has no statutory or procedural 
rule that requires a trial court to further explain its ruling on a new trial 
motion or that permits interlocutory review of that decision, presumably because 
the benefits of a relatively prompt retrial if the judge perceives unfairness in 
the proceedings outweigh the detriments of prolonging final judgment pending 
interlocutory appellate review. After all, this case has been on review for over 
four and one half years since the new trial was granted. The Court purports to 
justify its misadventure on the principle that trial courts may not substitute 
their judgment for that of the jury. While undoubtedly true, it is equally true 
that an appellate court may not substitute its discretion for that of the trial 
court, which is charged with ensuring the fairness of the proceedings and 
safeguarding the integrity of the judicial process. Because trial courts are in 
a unique position to observe the proceedings and participants firsthand, we have 
afforded them broad discretion in assessing whether “in the interests of justice 
and fairness” a new trial is warranted. If abuse of the privilege that such 
broad discretion affords is a concern, then Rule 320 should be amended to mirror 
the federal requirement that a court “specify the reasons in its order.” Fed. R. Civ. P. 59(d). Until then, no 
jurisprudential imperative compels us to overturn more than a century of clear 
precedent and erode the broad discretion we have traditionally afforded trial 
courts in granting new trials when they perceive good cause to do so. Because 
the Court ventures far beyond the boundaries of our mandamus jurisprudence, I 
respectfully dissent.
I. Background
            
Donald Creech, Jr. was admitted to Columbia Medical Center for 
difficulties with kidney stones. While at the hospital, he received the pain 
medication Dilaudid, a narcotic, intravenously. When 
he increasingly complained of severe pain, the licensed vocational nurse (LVN) 
attending to Donald increased the amount and frequency of his doses. Several 
hours after his largest dose, Donald died. Donald’s widow, Wendy Creech, brought 
this suit, alleging that the hospital staff violated the standard of care in 
administering such a large amount of Dilaudid to 
Donald when he suffered from sleep apnea. She alleges that the medication, a 
respiratory depressant, interacted with Donald’s sleep apnea to cause his death 
by asphyxiation.
            
After a four-week trial, the jury returned a verdict in favor of all 
defendants. Wendy moved for a new trial, arguing that the evidence conclusively 
proved the defendants’ negligence, the verdict was against the great weight and 
preponderance of the evidence, the verdict was manifestly unjust and conflicted 
with evidence that established Columbia’s negligence as a matter of law, and a 
new trial was warranted in the interests of justice and fairness. The motion 
contained twenty-eight evidentiary points, including a challenge to the 
reliability of Columbia’s expert testimony. The trial court, “in the interests 
of justice and fairness,” granted the motion as to the LVN, her supervising 
registered nurse, and Columbia in its capacity as their employer (collectively, 
“Columbia”), presumably on the grounds urged in the new trial motion. The court 
entered judgment in favor of all other defendants3 in accordance with the verdict. Relying 
on our precedent, the court of appeals held that the trial court’s explanation 
for granting the new trial was sufficient. ___ S.W.3d 
___. Under our well-established jurisprudence, it clearly was.
II. Standard of Review
            
Trial courts have always been afforded broad discretion in the granting 
of new trials, and may exercise such discretion “in the interests of justice and 
fairness” without stating any other reason. See Champion Int’l Corp., 
762 S.W.2d at 899; Johnson, 700 S.W.2d at 918. 
Over a century ago, this Court emphasized the point:
 
In 
ordinary cases the judge has a discretion to grant a new trial whenever, in his 
opinion, wrong and injustice have been done by the verdict; and it is upon this 
ground that courts have refused to interfere to revise the granting of new 
trials.
 
Goss, 
17 Tex. at 115. In this case, the trial court did precisely what we have long 
said it could. Yet the Court concludes the trial court abused its discretion in 
not stating a more specific reason for its ruling, creating new law on mandamus 
and overturning a long line of precedent in the process.
            
The Court points to a number of jurisdictions that 
require a trial court to articulate the reason when granting a new trial sua sponte. 
In this case, though, the trial court did not rule sua sponte but 
granted the plaintiff’s motion for new trial, presumably for the 
reasons that the plaintiff explained. Although one of the plaintiff’s new trial 
grounds cited “the interests of justice and fairness,” another challenged the 
verdict based on “the great weight and preponderance of the evidence,” a ground 
we have no jurisdiction to review. We do not know whether the trial court’s “in 
the interests of justice and fairness” ruling was based on perceived unfairness 
in the proceedings, on factual insufficiency of the evidence to support the 
jury’s verdict, or on both. For this reason alone, we should deny mandamus 
relief. But even if the trial court had acted sua sponte, the rule 
in nearly all jurisdictions that require an explanation is codified in a statute 
or procedural rule.4 In none of the remaining jurisdictions 
was the rule promulgated on mandamus or its equivalent, and for good reason.
            
First, to warrant mandamus relief the trial court must have committed a 
“clear abuse of discretion,” which we have defined to include failure to apply 
the law correctly. Walker v. Packer, 827 S.W.2d 833, 
839–40 (Tex. 1992). Because the trial court here did exactly what we have 
clearly said it could, the trial court can hardly be said to have abused that 
discretion. Second, our Legislature is well aware that trial courts may grant 
new trials “in the interests of justice and fairness” and has not seen fit to 
change the law. The Legislature did decide to allow interlocutory review of new 
trial orders in criminal proceedings, but declined to extend such review to the 
civil arena. See Tex. Code. Crim. Proc. art. 44.01(a)(3). In civil cases, our procedural rules expressly permit a 
trial court to grant a new trial on its own motion for any good cause. Tex. R. Civ. P. 320. Presuming, as the 
Court does, that a change in procedure is warranted, it would be far more 
appropriate to effect that change by amending the rules rather than implementing 
new law on mandamus.
            
Even if mandamus were an appropriate vehicle to overturn precedent, there 
is no cause to do so here. There is a “strong presumption” against overruling 
our precedent. Gutierrez v. Collins, 583 S.W.2d 312, 
317 (Tex. 1979). Absent compelling reasons, courts should avoid 
overturning established law because “the legitimacy of the judiciary rests in 
large part upon a stable and predictable decisionmaking process;” without adherence to precedent, no 
question of law would ever be considered resolved. Weiner 
v. Wasson, 900 S.W.2d 316, 320 (Tex. 1995). Compelling reasons to 
overturn precedent may exist in limited circumstances, such as when the 
preceding decision itself was incorrect or unconstitutional, there is 
conflicting precedent, the decision has been undercut by the passage of time, 
the precedent created inconsistency and confusion, or the decision consistently 
creates unjust results. See Hammock v. State, 46 S.W.3d 889, 
892–93 (Tex. Crim. App. 2001); see also 
Bowman Biscuit Co. v. Hines, 251 S.W.2d 153, 155 (Tex. 1952) (Garwood, 
J., dissenting). None of these circumstances are presented here. The 
well-established principle that a trial court does not abuse its discretion by 
ordering a new trial “in the interests of justice and fairness” is clear, we 
have followed it as recently as 2000, see In re Bayerische Motoren Werke, AG, 8 S.W.3d 326; In re Volkswagen, 22 
S.W.3d 462, and there is no conflicting precedent over the course of the 150 
years it has been in place. Our precedent is not unconstitutional, as I will 
later explain, nor was it incorrect in the first instance. In sum, none of the 
factors we have considered in those rare instances when we have found it 
necessary to overrule precedent exist in this case.
            
Although the Court purports to rely on good policy in support of its new 
rule, there are also good reasons why a trial court’s failure to provide a more 
specific explanation does not warrant extraordinary relief. For example, it 
would likely be fundamentally unjust to uphold a verdict when jurors have been 
inattentive or their perceptions impaired, but our procedural and evidentiary 
rules only contemplate the development of an evidentiary record when outside 
influence has been asserted. See Tex. R. Civ. P. 327; Tex. R. Evid. 606(b). In Tanner v. United States, the jury was 
allegedly under the influence of alcohol and drugs, including marijuana and 
cocaine, for much of the trial. 483 U.S. 107, 115–16 
(1987). That evidence was inadmissible under Federal Rule of Civil 
Procedure 606(b), which is almost identical to Texas Rule of Civil Procedure 
606(b). Id. at 125. Under the Court’s decision 
today, it is not clear how extended the trial court’s explanation for a new 
trial in similar circumstances would have to be, nor is it clear what a 
reviewing court should do with that information. For the Court’s rule to have 
meaning, the trial judge would likely need to identify which jurors were 
impaired, how much so, and when, all without the ability to develop an 
evidentiary record. The party challenging the new trial order would surely 
counter that the jury was not impaired, or at least not so impaired as to taint 
the verdict. It is unclear how an appellate court could effectively review such 
an order, or whether such a reason, though probably “good cause” to order a new 
trial under Rule 320, would be sufficient to survive mandamus review.
            
The procedural history of this case aptly demonstrates another reason why 
extraordinary relief is not warranted for the trial court’s failure to provide a 
more specific explanation. During the pendency of this 
Court’s review, the trial judge who ordered a new trial, the Honorable Merrill 
Hartman, left office and a new judge succeeded him. We abated the original 
proceeding to allow the successor judge to reconsider Judge Hartman’s ruling. 
See Tex. R. 
App. P. 7.2(b). The new 
judge did so, and reaffirmed Judge Hartman’s order. The Court today sends the 
case back to the successor judge to specify the reasons why a new trial was 
granted. To the extent the successor judge is able to make an independent 
assessment based on the record, this may be feasible. But if Judge Hartman based 
his decision in whole or in part on unfairness that he perceived during the 
proceedings, which until today he was not required to articulate on the record, 
then the successor judge is faced with an impossible task. In such a 
circumstance, changing the rules in midstream produces a substantial injustice. 
And if the successor judge reviews the transcript of the proceedings and 
reaffirms the new trial order because the jury’s verdict was against the great 
weight and preponderance of the evidence, the Court today opens the door to 
interlocutory evidentiary review of that decision which heretofore has only been 
afforded on appeal from a final judgment. See Champion 
Int’l Corp., 762 S.W.2d at 899; Johnson v. Court of Civil Appeals for the 
Seventh Supreme Judicial Dist., 350 S.W.2d 330, 331 (Tex. 1961).
            
The Court purports to preserve the discretion traditionally afforded 
trial courts in issuing new trial orders, but the practical effect of its 
decision will be more frequent appellate intervention and delay. See 
Johnson, 700 S.W.2d at 918; see also Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). Moreover, without 
the vetting that the Court’s rule-making process would afford, the parameters 
for reviewing the trial court’s explanation are murky at best. For example, the 
rules contemplate a trial court’s discretion to grant a new trial for “good 
cause” based on “insufficiency or weight of the evidence.” See Tex. R. Civ. P. 320, 
326. Will a judge’s 
statement that a new trial is ordered “because of insufficiency or weight of the 
evidence” satisfy the court’s requirement? Tex. R. Civ. P. 326. Or must the trial 
judge, like an appellate court, review the entire record and expend its 
resources “detail[ing] the evidence relevant to the 
issue in consideration and clearly stat[ing] why the 
jury’s finding is factually insufficient or is so against the great weight and 
preponderance as to be manifestly unjust; why it shocks the conscience; or 
clearly demonstrates bias?” Pool v. Ford Motor Co., 715 
S.W.2d 629, 635 (Tex. 1986). If upon reflection the judge believes that a 
particular witness should not have been allowed to testify, or a piece of 
evidence should not have come in, or a requested instruction should have been 
included in the charge, are those reasons subject to interlocutory review before 
a new trial may proceed? If the appellate court considers an articulated reason 
invalid, will the case go back down for the judge to consider alternative 
grounds that were urged in support of the new trial motion? And if a new trial 
is granted based upon the judge’s personal observations, to what extent may 
those observations be tested? Is it sufficient for the judge to explain that the 
jury was generally inattentive, or must the judge identify the particular jurors 
and allow the making of a record for purposes of challenging the judge’s 
perception?
            
Such micromanagement of the trial process diminishes the important role 
trial courts play in making decisions with the benefit of observing firsthand 
the demeanor of the witnesses, parties, attorneys, and jurors, and any other 
aspect of the trial that may not be reflected on a cold record. See Murff v. Pass, 249 S.W.3d 407, 411 (Tex. 2008) (citing 
Hyundai Motor Co. v. Vasquez, 189 S.W.3d 743, 753 (Tex. 2006)). The 
discretion afforded trial courts is particularly broad in the area of jury 
management. For example, we have frequently stated that trial courts have “wide 
latitude” in conducting voir dire proceedings and 
determining whether a juror is impartial. Id. We have noted that an 
interpretation of juror behavior “turns on the courtroom context, and perhaps 
the looks on their faces.” Hyundai, 189 S.W.3d at 
755. Given the trial court’s observational advantage, it is in a better 
position than a reviewing court to discern whether the parties received the fair 
trial that our laws guarantee, which is why we have long said “[a]n appellate 
court may not substitute its discretion for that of the trial court.” 
Johnson, 700 S.W.2d at 918.
            
Although acknowledging that orders granting new trials are rare, Columbia 
warns that without careful interlocutory scrutiny judges will be free to 
substitute their opinions for those of the jury. Even accepting the premise that 
some stray trial courts may intentionally abuse their discretion in this regard, 
I doubt that requiring wayward courts to explain their decisions will bring them 
back into the fold; a judge intent on granting a new trial without good cause 
can surely construct a plausible reason capable of withstanding appellate 
scrutiny. While I agree that trial courts should, when feasible, explain to the 
parties why a new trial is being granted, imposing such a requirement threatens 
to impede the conscientious trial judge’s ability to correct errors or 
unfairness that may have occurred in the proceedings, and ultimately result in 
fruitless expense and delay.
III. Columbia’s Constitutional Challenge
            
Columbia contends our precedents allowing trial courts to grant new 
trials “in the interests of justice and fairness,” without further explanation, 
violate federal and state constitutional guarantees of due process and the state 
constitutional guarantee of trial by jury. Specifically, Columbia claims the 
lack of meaningful appellate review of new trial orders violates substantive and 
procedural federal constitutional rights to due process and state constitutional 
rights to due course of law.5 See U.S. Const. amend. XIV, § 1; Tex. Const. art. I, 
§ 19. According to Columbia, its substantive due-process rights are 
violated because it is deprived of its property, the jury verdict, in an 
arbitrary and capricious manner, see Regents of the Univ. of Mich. v. 
Ewing, 474 U.S. 214, 215, 225 (1985), and its procedural due-process rights 
are violated because it did not have the opportunity to contest the new trial 
order at a hearing on appeal, see Mathews v. Eldridge, 424 U.S. 319, 333 
(1976). These alleged constitutional violations, Columbia argues, would be cured 
by effective appellate review of new trial orders.
            
Neither type of due-process right that Columbia describes is implicated 
unless a party is deprived of a protected property or liberty interest. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 
59 (1999); Mathews, 424 U.S. at 
332. Columbia claims deprivation of a property interest, which 
is only constitutionally protected if the right is independently guaranteed by 
state or federal law. Leis v. Flynt, 439 U.S. 438, 441–42 (1979). Columbia does 
not argue that any federal statute or the common law creates a property right in 
a particular jury verdict, and we have held that “[n]o party to a civil action 
has a constitutional right of appeal from an order of the trial court granting a 
new trial.” Plummer v. Van Arsdell, 299 S.W. 869, 870 (Tex. 1927). Under Texas law, although there is a property interest in a legal 
claim or contractual right, Tex. Prop. Code § 111.004(12), there 
is no property interest in a particular non-final judgment, Burroughs v. 
Leslie, 620 S.W.2d 643, 644 (Tex. Civ. App.—Dallas 
1981, writ ref’d n.r.e.). 
Furthermore, the Supreme Court has held that no property rights are implicated 
when a trial court makes a decision that is discretionary under state law, even 
if the trial court provides no reasoning for its decision. Leis, 439 U.S. at 442–44. Because Columbia was not 
deprived of any protected property interest when the trial court issued its new 
trial order, Columbia’s due-process and due-course-of-law rights are not 
implicated.
            
Columbia further asserts that allowing trial courts to issue new trial 
orders without appellate review deprives it of its state constitutional right to 
trial by jury. See Tex. Const. art. 
I, § 15, art. V, 
§ 10. I agree that the Texas Constitution guarantees Columbia a 
right to a trial by jury in this health care liability case. But new trial 
orders, even if shielded from interlocutory review, do not infringe on that 
right. We upheld the constitutionality of such orders in Plummer, and I 
see no reason to revisit the question here. 299 S.W. at 
870. Columbia has had a trial by jury and will have another; it does not 
have a constitutional right to a particular jury or a particular jury verdict. 
Indeed, the discretion afforded a trial court in granting new trials does not deprive parties of the right to a fair trial 
by jury; to the contrary, it helps to guarantee that right when circumstances of 
the first trial were unjust or unfair to one of the parties. See Hon. 
Scott Brister, The Decline in Jury Trials: What Would Wal-Mart Do?, 47 S. Tex. L. Rev. 191, 221 (2005) (“If 
the first jury was correct, then a second can confirm it.”). Given that the 
merits of Creech’s claims and Columbia’s defenses will ultimately be decided by 
a jury, Columbia has not been deprived of its right to a trial by jury.
IV. Conclusion
            
This case does not present exceptional circumstances to warrant 
overturning clear and longstanding precedent on mandamus review. Because the 
Court concludes otherwise, I respectfully dissent.
 
                                                                        
___________________________________
                                                                        
Harriet O’Neill
                                                                        
Justice
 
OPINION 
DELIVERED: July 3, 2009









[1] 
See Champion Int’l Corp. v. Twelfth Court of 
Appeals, 762 S.W.2d 898, 899 (Tex. 
1988); Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 
1985); Goss v. McClaren, 17 Tex. 107, 115 
(1856); see also In re Volkswagen of Am., Inc., 22 S.W.3d 462 
(Tex. 2000); In re Bayerische Motoren Werke, AG, 8 S.W.3d 
326 (Tex. 2000).

[2] 
See In re United Scaffolding, 
Inc., No. 09-09-00098-CV, 2009 Tex. 
App. LEXIS 2701, at *1–3 (Tex. App.—Beaumont Apr. 16, 2009, orig. proceeding) 
(trial court did not abuse its discretion by granting new trial “in the interest 
of justice and fairness” where the moving party’s specific complaint was evident 
from the face of the motion); In re E.I. DuPont de Nemours & Co., No. 
09-08-318 CV, 2008 Tex. App. LEXIS 5443, at *1–2 (Tex. App.—Beaumont July 24, 
2008, orig. proceeding) (mandamus relief not available where trial court failed 
to state reason for granting new trial); In re Baylor Med. Ctr. at 
Garland, No. 05-05-01663-CV, 2006 Tex. App. LEXIS 19 (Tex. App.—Dallas Jan. 
4, 2006, orig. proceeding); Mosley v. Employers Cas. Co., 873 S.W.2d 715, 
717 (Tex. App.—Dallas 1993, writ denied); Valley Steel Prods. Co. v. Howell, 775 S.W.2d 34, 36 
(Tex. App.—Houston [1st Dist.] 1989, no pet.) (noting that a trial court “need not specify the reason for 
granting a new trial in its order”).

[3] 
The trial court entered judgment in favor of 
defendants Ali Shirvani, M.D., Rabia Khan, M.D., Kyle Chandler and John Russell 
Carpenter.

[4] 
This is particularly true in the many 
jurisdictions that have modeled their rules on the federal rules, which require 
a trial court to specify the reasons for granting a new trial sua sponte. See 
Fed. R. Civ. P. 
59(d). A majority of 
jurisdictions have an equivalent statute or rule of procedure. Ala. R. Civ. P. 59(d); Alaska R. Civ. P. 59(e); Ariz. R. 
Civ. P. 59(g); Ark. R. Civ. P. 59(e); Cal. 
Civ. Proc. Code § 657 (Deering 2008); Colo. R. Civ. P. 59(c); 
Del. Super. Ct. Civ. 
R. 59(c); D.C. Super. Ct. R. Civ. P. 59(d); 
Fla. R. Civ. P. 1.530(f); Ga. Code Ann. § 5-5-51 (1995); 
Haw. R. Civ. P. 59(d); Idaho R. Civ. P. 59(d); Ind. R. Civ. P. 59(J)(7); Iowa R. Civ. P. 1.1008(3); Kan. Stat. Ann. § 60-259(e) (2005); Ky. R. Civ. P. 59.04; 
Me. R. Civ. P. 
59(d); Mass. R. Civ. P. 59(d); Mich. Ct. R. 
2.611(C); Minn. R. Civ. P. 59.05; 
Miss. R. Civ. P. 59(d); Mo. Rev. Stat. § 510.370 (1952); Mont. R. Civ. P. 59(e)–(f); 
Nev. R. Civ. P. 59(d); 
N.J. Ct. R. 4:49-1(c); N.M. Dist. 
Ct. R. Civ. P. 1-050(C)(1); N.D. 
R. Civ. P. 59(i); Ohio R. Civ. P. 59(D); Or. Rev. Stat. § 19.430 (2007); R.I. Super. Ct. R. 
Civ. P. 59(d); S.C. R. Civ. 
P. 59(d); S.D. Codified 
Laws § 15-6-59(d) (2004); 
Tenn. R. Civ. P. 59.05; 
Utah R. Civ. P. 59(d); 
Vt. R. Civ. P. 59(d); Wash. Super. Ct. Civ. R. 59(d), (f); W. 
Va. R. Civ. P. 
59(d); Wyo. R. Civ. P. 59(d).

[5] 
Although the federal due-process and Texas 
due-course-of-law clauses are worded differently, we have said that difference 
is “without meaningful distinction” and have “traditionally followed 
contemporary federal due process interpretations.” Univ. of Tex. Med. Sch. v. Than, 901 S.W.2d 926, 929 (Tex. 1995); see 
also Nat’l Collegiate Athletic Ass’n v. Yeo, 171 S.W.3d 863, 867–68 (Tex. 2005). Columbia does 
not argue that a distinction should be drawn here.