## In re BAYERISCHE MOTOREN WERKE, AG, Relator.

### No. 99–0734.

Supreme Court of Texas.

Jan. 27, 2000.

Ruth G. Malinas, J. Michael Myers, Brendan K. McBride, San Antonio, Joseph V. Crawford, Austin, for Relator.

W. Douglas Matthews, Houston, Catherine A. Mauzy, Austin, R. L. Pete McKinney, Houston, Clinaard J. Hanby, The Woodlands, for Respondent.

Justice HECHT, joined by Justice OWEN, dissenting from the denial of the motion for rehearing of the petition for mandamus.

If after a three-week trial the court refuses to render judgment on the verdict and instead orders a new trial on its own initiative, is the party who prevailed with the jury entitled to some meaningful explanation, not just that a new trial is "in the interest of justice and fairness"? When a trial court sets aside a jury verdict on its own and compels the parties to suffer the delay and the enormous expense of a retrial—tens, perhaps hundreds, of thousands of dollars—must the court at least say why? Is there any limit to, and any review of, a trial court's power to grant a new trial on its own initiative? The answer to each of these questions, according to our rules of procedure, the constitutional right to a jury trial, this Court's own precedents, and the vast weight of authority from every other American jurisdiction, is yes. By denying the petition for manda-

mus in this case the Court answers no. I respectfully dissent.

Peggy Marshall lost control of her BMW vehicle and slammed into a light pole, snapping it off at its base. The vehicle caught fire, and Marshall was severely burned while trying to crawl out the driver's side window. She sued the manufacturer of the car, relator Bayerische Motoren Werke, AG, alleging that the car's fuel system was defectively designed. BMW contended that the fuel system was not defective and that the fire was caused when the bolts in the base of the light pole punctured the car's fuel tank. Marshall claimed that the accident occurred because she swerved to avoid another car, but BMW asserted that Marshall's excessive speed and alcohol consumption caused the accident.

Trial commenced August 3, 1998, and concluded 24 days later with a verdict for BMW. The jury failed to find that BMW's negligence or any design defect in the car caused Marshall's injury and found instead that her injury was caused by her own negligence. Marshall moved for a new trial because the verdict was against the great weight and preponderance of the evidence. Her motion requested a new trial "in the interest of justice and fairness". The district court issued an order stating: "The Court, on its own motion, grants the motion and orders a new trial in the interest of justice and fairness." BMW moved to clarify the order, asking the court to state whether it was granting a new trial on Marshall's motion or on its own initiative, and what grounds it had for ordering a new trial. The court partially granted and partially denied BMW's motion to clarify, stating in its order that

Marshall's motion for new trial was denied, that a new trial was granted on the court's own motion, and that the court would not give reasons for granting a new trial. BMW petitioned the court of appeals for mandamus relief, which that court denied without opinion.

Unquestionably, Texas trial courts "have always had broad discretion in the granting of new trials" and may exercise that discretion " 'in the interest of justice and fairness.' " [1] As early as 1856 this Court wrote: "In ordinary cases the judge has a discretion to grant a new trial whenever, in his opinion, wrong and injustice have been done by the verdict; and it is upon this ground that courts have refused to interfere to revise the granting of new trials." [2] The Texas Rules of Civil Procedure authorize a trial court to order a new trial, either on motion or on the court's own initiative,[3] in several specific instances: "when the damages are manifestly too small or too large",[4] "because of insufficiency or weight of the evidence",[5] and for jury misconduct.[6] But the rules also authorize a trial court to order a new trial for "good cause",[7] thereby giving the court discretion broad enough to consider reasons not specified in the rules. For example, the court could conclude that error in its trial or pretrial rulings caused the jury to reach erroneous findings, or that the time or manner in which the trial was conducted unfairly prejudiced a party, or that a member of the jury appeared to act in an improper manner—was inattentive, for example—short of misconduct.

Broad as the trial court's discretion is, it is not unbounded. "Good cause" does not mean *any* cause, nor do the interests of

---

1. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 918 (Tex.1985); *accord Champion Int'l Corp. v. Twelfth Court of Appeals,* 762 S.W.2d 898, 899 (Tex.1988) (per curiam).

2. *Goss v. McClaren,* 17 Tex. 107, 115 (1856).

3. TEX.R. CIV. P. 320. All references to rules are to the Texas Rules of Civil Procedure unless otherwise noted.

4. *Id.*

5. TEX.R. CIV. P. 326.

6. TEX.R. CIV. P. 327.

7. TEX.R. CIV. P. 320, 329.

justice and fairness include error, whim, and bias. In granting a new trial, as in other rulings, a trial court can abuse its discretion. For one thing, a court cannot order a new trial for a reason that is simply false. Thus, this Court has indicated that a new trial cannot be granted because of an irreconcilable conflict in a jury's findings when in fact no such conflict exists.[8] Nor can a court grant a new trial conditioned on a party's refusal to accept a remittitur—in essence, grant a new trial because the verdict is not supported by sufficient evidence or is against the great weight of the evidence—if the evidence actually does support the verdict.[9] For another thing, a court cannot order a new trial for an improper reason. It should go without saying that a court cannot order a new trial because it believes the substantive law is wrong and should not be enforced, or because the court is biased for or against plaintiffs or defendants in general, or because it is biased for or against a party or lawyer in the case, or because of invidious discrimination based on race, ethnicity, religion, or gender. A judge could not, for example, grant a new trial simply because he or she did not like the prevailing party's lawyer.

In Texas, in civil cases, the granting of a new trial cannot be reviewed on appeal, either from the order granting the new trial or from the final judgment.[10] An appeal from the final judgment would not likely be efficacious, since any error in granting the new trial would ordinarily be harmless following a second trial. The Legislature could provide for an interlocutory appeal from an order granting a new trial, and it did so in 1925.[11] But two years later it withdrew the provision, concluding that too many meritless appeals were being taken solely for delay.[12] In 1987 the Legislature provided for an appeal from an order granting a new trial in a criminal case,[13] but no statute or rule provides for such an appeal in a civil case. BMW does not argue to the contrary.

Nevertheless, an order granting a motion for new trial can be reviewed by mandamus, albeit only in extraordinary cases.[14] Our older cases indicate that mandamus will issue to set aside an order granting a motion for new trial only if the order is void,[15] but more recently we have applied the clear-abuse-of-discretion standard[16] generally applicable in mandamus proceedings.[17] We have not applied this standard in proceedings to review the granting of a motion for new trial, but there is no principled reason why the same standard generally applicable to mandamus would not apply. To determine whether a trial court clearly abused its discretion, an appellate court must know the basis for the trial court's ruling. A motion for new trial must clearly state the grounds urged,[18] and an order granting the motion is based on the grounds stated absent some contrary indication. But if a court grants a

8. *See Johnson v. Seventh Court of Civil Appeals,* 162 Tex. 613, 350 S.W.2d 330, 331 (1961).

9. *Larson v. Cactus Util. Co.,* 730 S.W.2d 640, 641 (Tex.1987).

10. *Cummins v. Paisan Constr. Co.,* 682 S.W.2d 235, 235–236 (Tex.1984) (per curiam).

11. Act of Feb. 23, 1925, 39th Leg., R.S., ch. 18, § A, 1925 Tex. Gen. Laws 45, codified as Tex.Rev.Civ Stat Ann. art. 2249 (Vernon 1925).

12. Act of Feb. 21, 1927, 40th Leg., R.S., ch. 52, § 1, 1927 Tex. Gen. Laws 75.

13. Act of May 30, 1987, 70th Leg., R.S., ch. 382, § 1, 1987 Tex. Gen. Laws 1884, amending Tex.Code Crim Proc. art. 44.01.

14. *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 918 (Tex.1985)

15. *Missouri–Kansas–Texas R.R. v. Brewster,* 124 Tex. 244, 78 S.W.2d 575, 576 (Tex.Com. App.1934); *Wright v. Swayne,* 104 Tex. 440, 140 S.W. 221, 222 (1911).

16. *Johnson,* 700 S.W.2d at 918.

17. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992).

18. Tex.R. Civ P. 321–322.

new trial on its own initiative, the record may be silent on the reasons, and any meaningful review of the order is effectively precluded.

I know of no reason why a trial court's exercise of discretion in granting a new trial should ever be insulated from all review. Marshall argues that there are many possible reasons for granting a new trial, and that is certainly true, but it is no argument for refusing to state whatever ones are applicable. Marshall also suggests that the "interest of justice" has a broad meaning, and that, too, is true, although the idea is not so broad as to have no meaning at all. Indeed, this Court has

undertaken to explain why a remand is or is not in the interests of justice,[19] and the same effort could be made for granting new trials.

Rule 59(d) of the Federal Rules of Civil Procedure requires that a court that grants a new trial on its own initiative "shall specify the grounds in its order." As one court has explained, this is "so that the reviewing court can exercise a meaningful degree of scrutiny and safeguard parties' right to a jury trial."[20] No American jurisdictions but Texas and South Carolina[21] allow a trial court broad discretion to grant a new trial on its own initiative without stating a reason.[22] Three states—

**19.** *Westgate, Ltd. v. State,* 843 S.W.2d 448, 455 (Tex.1992).

**20.** *Van Steenburgh v. The Rival Co.,* 171 F.3d 1155, 1160 (8th Cir.1999).

**21.** *See Sorin Equip. Co. v. The Firm, Inc.,* 323 S.C. 359, 474 S.E.2d 819, 822 (1996).

**22.** *Van Steenburgh v. The Rival Co.,* 171 F.3d 1155, 1160 (8th Cir.1999) (a district court "must adequately articulate its reasons for overturning a jury verdict ... so that the reviewing court can exercise a meaningful degree of scrutiny and safeguard parties' right to a jury trial"); ALA. R. CIV. P. 59(d); ALASKA R. CIV. P. 59(e); *McCall v. Coats,* 777 P.2d 655, 657 n. 2 (Alaska 1989); ARIZ. R. CIV. P. 59(m) ("No order granting a new trial shall be made and entered unless the order specifies with particularity the ground or grounds on which the new trial is granted."); *Koepnick v. Sears Roebuck & Co.,* 158 Ariz. 322, 762 P.2d 609, 613 (Ariz.Ct.App.1988) ("The purpose of Rule 59(m) is to inform the parties and the appellate court of the grounds for the trial court's decision in order to delineate the issues on appeal."); *Thompson v. Friendly Hills Regional Medical Ctr.,* 71 Cal.App.4th 544, 84 Cal.Rptr.2d 51, 54 (1999) ("Trial judges have a 'clear and unmistakable duty' to timely specify their grounds and reasons for granting a new trial."); *Tramell v. McDonnell Douglas Corp.,* 163 Cal.App.3d 157, 209 Cal.Rptr. 427, 434 (1985); *Neal v. Farmers Ins. Exch.,* 21 Cal.3d 910, 148 Cal. Rptr. 389, 582 P.2d 980, 991–92 (1978); *Koch v. Dist. Ct., Jefferson County,* 948 P.2d 4, 7 (Colo.1997); *Storey v. Camper,* 401 A.2d 458, 466 (Del.1979) ("In this jurisdiction the duty to exercise discretion by a trial judge generally includes the duty to make a record to show what factors the trial judge consid-

ered and the reasons for his decision.... It is clear that the Trial Judge abused his discretion, at least to the extent of not supplying reasons for the granting of the motion for a new trial."); D.C. R. CIV. P. 59(d); *Ortega v. Perrini & Sons, Inc.,* 371 So.2d 203, 204 (Fla. Dist.Ct.App.1979) ("[T]he court must specify grounds and give reasons to support the order and refer to facts in the record to make the order susceptible to appellate review."); GA.CODE ANN. § 5–5–51 (1999) ("In all civil cases in which a new trial is granted, if the grant of a new trial is based on the discretion of the judge, the judge shall set forth by written order the reason or reasons for the exercise of his discretion"); HAW. R. CIV. P. 59(d); *Quick v. Crane,* 111 Idaho 759, 727 P.2d 1187, 1200 (1986) (the trial court "must disclose his reasoning for granting or denying motions for a new trial.... Such an articulation of the reasons for the trial court's decision is essential to allow meaningful appellate review."); ILL STAT. ANN. ch. 725, § 5/116–1(c); *DeVittorio v. Werker Bros., Inc.,* 634 N.E.2d 528, 531 (Ind.Ct.App.1994) ("The court must then state its reasons for granting the new trial by making special findings.... [T]he purpose of these requirements is to provide the parties and the reviewing court with the theory of the trial court's decision."); *Hardy v. Britt–Tech Corp.,* 378 N.W.2d 307, 310 (Iowa Ct.App.1985); KAN. STAT. ANN. § 60–259(e); KY. R. CIV. P. 59.04; *Burris v. Wal-Mart Stores, Inc.,* 652 So.2d 558 (La.Ct.App. 1995), *writ denied,* 654 So.2d 352 (La.1995) ("[W]e do feel that it is necessary for the trial judge to state an articulable reason or reasons as to why he is exercising his discretionary powers [in granting a new trial]."); ME. R. CIV. P. 59(d); MD. COURT R.P. 4–331(e); *Turnpike Motors, Inc. v. Newbury Group, Inc.,* 413 Mass. 119, 596 N.E.2d 989, 994 (1992)

Arkansas,[23] Nevada,[24] and New York[25]— do not require the trial court to state its reasons but restrict its discretion. Two states—Connecticut[26] and Virginia[27]—do

("[T]he requirement that a judge specify the grounds for a conditional ruling on a motion for new trial is important in order to allow a reviewing court knowingly to rule on the question before it, and to allow the opposing party an opportunity to rectify any deficiencies in its case before retrial."); *Kailimai v. Firestone Tire & Rubber Co.,* 398 Mich. 230, 247 N.W.2d 295, 296 (1976) ("Whereas granting a new trial does not finally determine the controversy between the parties, it does subject both sides to the additional time and expense of relitigation. In addition, it has the effect of setting aside a jury verdict in favor of one side, a step that should not be taken without sound reasons."); *Vadnais v. American Family Mut. Ins. Co.,* 309 Minn. 97, 243 N.W.2d 45, 48 (1976) ("the power [to grant new trials] is not ... an arbitrary one, and must be founded upon reasons similar to those stated"); Miss. R. Civ. P. 59(d); *Hall v. Missouri Hwy. & Transp. Comm'n,* 861 S.W.2d 720, 721 (Mo.Ct.App. 1993) ("Rule 78.03 requires the trial court to specify the ground or grounds upon which a new trial is granted.... [F]ailure to do so creates a presumption of error."); Mont. R. Civ. P. 59(f) ("Any order of the court granting a new trial, shall specify the grounds therefor with sufficient particularity as to apprise the parties and the appellate court of the rationale underlying the ruling...."); *Kumar v. Douglas County,* 234 Neb. 511, 452 N.W.2d 21, 24 (1990); *Cotton v. Gering Pub. Sch.,* 1 Neb.App. 1036, 511 N.W.2d 549, 553 (1993); N.J. Sup.Ct. R. Civ. Prac. 4:49–1(c); *Vartenissian v. Food Haulers, Inc.,* 193 N.J.Super. 603, 475 A.2d 626, 631 (App.Div. 1984); *Allsup's Convenience Stores, Inc. v. N. River Ins. Co.,* 127 N.M. 1, 976 P.2d 1, 10 (1998) ("[W]here the trial court sets forth certain reasons for which the appellant asserts there is a lack of support in the record, the burden then shifts to the appellee to show that the trial court was correct."); *Chiltoski v. Drum,* 121 N.C.App. 161, 464 S.E.2d 701, 702 (1995), *review denied,* 343 N.C. 121, 468 S.E.2d 777 (1996) ("Otherwise ... the record will not reveal the basis upon which the order is made or permit intelligent review by an appellate court."); N.D. R. Civ. P. 59(f) ("With all orders granting or refusing a new trial, the judge shall file a written memorandum concisely stating the different grounds on which the ruling is based...."); *Antal v. Olde Worlde Prods., Inc.,* 9 Ohio St.3d 144, 459 N.E.2d 223, 225 (1984) ("[M]eaningful appellate review is impossible where the trial court grants a new trial and fails to specify the reasons but restrict its discretion. Two

reasons beyond a conclusory statement."); *Dodson v. Henderson Properties, Inc.,* 708 P.2d 1064, 1065 (Okla.1985) ("[Decisions to grant new trials are reviewed for] sound legal discretion in accordance with recognized principles of law, rather than an arbitrary discretion exercised at will."); Ore.Rev.Stat. § 19.430 (1999) ("If an appeal is taken from an order of the trial court granting a new trial on its own initiative, the order shall be affirmed on appeal only on grounds set forth in the order...."); Pa. R. Civ. P. 227.1(e); *Carlin v. Parkview Serv. Co.,* 625 A.2d 212 (R.I.1993); S.D. Cod. Laws Ann. § 15–6–59(d) (1998); Tenn. R. Civ. P. 59.05; Ut. R. Civ. P. 59(d); Vt. R. Civ. P. 59(d); Wash. Sup.Ct. Civ. R. 59(f); *Simmons v. Koeteeuw,* 5 Wash. App. 572, 489 P.2d 364, 366 (1971) ("The trial court also granted the new trial upon the ground substantial justice was not done. No definite reasons of law and fact were set forth in the order as required by CR 59(f)."); W. Va. R. Civ. P. 59(d); *Krolikowski v. Chicago & Northwestern Transp. Co.,* 89 Wis.2d 573, 278 N.W.2d 865, 868 (1979) ("The order granting a new trial in the interest of justice must contain the reasons and bases for the general statement contained therein."); Wy. R. Civ. P. 59(d).

**23.** *See Ray v. Green,* 310 Ark. 571, 839 S.W.2d 515, 516 (1992) ("While a trial court has some discretion in setting aside a jury verdict, there is no longer the broad discretion that this court formerly recognized. The trial court is not to substitute its view of the evidence for that of the jury's unless the jury verdict is found to be clearly against the preponderance of the evidence.").

**24.** Nev. R. Civ. P. 59(a); *see Brascia v. Johnson,* 105 Nev. 592, 781 P.2d 765, 767 (1989) ("[A] court may not substitute its own judgment in place of the jury's judgment unless the jury erred as a matter of law.").

**25.** *See Nicastro v. Park,* 113 A.D.2d 129, 495 N.Y.S.2d 184, 188 (1985) ("[T]he discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict.").

**26.** Conn. Gen.Stat § 52–228(b) (1999).

**27.** Va.Code Ann. § 16.1–97.1 (1998).

not permit a trial court to grant a new trial on its own initiative at all.

BMW argues that to deprive it of its jury verdict without explanation infringes on its constitutional right to trial by jury. I do not think it is necessary to reach this argument, given our procedural rules, this Court's decisions, and the consensus of American jurisdictions. But given that a trial court cannot refuse a late request for a jury trial without a good reason, as we held in *General Motors Corp. v. Gayle*,[28] I fail to see how a trial court can refuse to render judgment on a jury verdict without a good reason.

I do not quarrel with the broad discretion Texas law has for well over a century given trial courts to grant new trials to achieve justice. But a reasoned explanation for a court's ruling does not curb either the sound exercise of discretion or the cause of justice; rather, it helps guarantee both. There are many reasons why a trial court may grant a new trial. The expectation that at least one reason should be given is not exorbitant. The refusal to give even one is dangerously peremptory.

---

**28.**   951 S.W.2d 469, 476–477 (Tex.1997).