COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-068-CV

 

 

HUI CHUAN LOGAN                                                             APPELLANT

 

                                                   V.

 

JAMES SHANNON LOGAN                                                       APPELLEE

 

                                              ------------

 

           FROM
THE 325TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








This is an appeal from a
child custody case in which the trial court granted a new trial based on newly
discovered evidence provided by the parties= daughter.  Appellant Hui Chuan
Logan appeals the trial court=s granting of Appellee James Shannon Logan=s motion for new trial, the trial court=s finding of perjury, and the trial court=s judgment that Hui Chuan should pay $10,000 in attorney=s fees for the alleged perjurious testimony.  Alternatively, she challenges the trial court=s judgment that James is not ordered to pay any child support to Hui
Chuan despite the fact that Hui Chuan is the joint managing conservator with
the right to determine their children=s primary residence.  We affirm.

We initially address James= reply point in which he argues that Hui Chuan=s entire appeal should be dismissed because the issues were not
properly preserved for our consideration. 
Specifically, he contends that the notice of appeal is insufficient
because it contains a general, non-specific statement that AHui Chuan desires to appeal this matter,@ rather than an indication specifically as to why Hui Chuan desires to
appeal.  We disagree because the notice
of appeal meets the requirements of rule of appellate procedure 25.1(f).  See Tex.
R. App. P. 25.1(f).  Accordingly,
we overrule James= reply
point.

FACTUAL BACKGROUND








On October 22, 2003, the
trial court signed a final decree of divorce following a jury trial.  The jury determined that Hui Chuan should be
the parent with the right to determine the primary residence of the parties= two minor sons.  The trial
court ordered that James would pay child support.  James filed a motion for new trial based on
newly discovered evidence provided by the parties= daughter, Claudia ASian@ Logan.  The trial court held a hearing, and on
November 30, 2003, the trial court signed an order granting James= motion for new trial as to conservatorship, support, and visitation
based on the perjury of Hui Chuan.

Before the case was retried,
the parties went to mediation and reached an agreement regarding
conservatorship and visitation.  James
and Hui Chuan agreed that the trial court would hear evidence and rule on the
issue of attorney=s fees and
child support.  On November 16, 2004, the
trial court signed an order in the suit affecting the parent-child
relationship, incorporating the terms of the mediation agreement into the final
order, determining that neither party should be required to pay child support,
and awarding James a judgment against Hui Chuan for $10,000 of attorney=s fees based upon her perjurious testimony.

MOTION FOR NEW TRIAL

Hui Chuan asserts that the
trial court improperly granted James= motion for new trial because Sian=s unsworn statement that formed the basis for granting James= motion for new trial did not contain newly discovered evidence, was
already used at trial as evidence, was cumulative of evidence admitted at
trial, was not material, and would not create a different result had it been
admitted at trial.








The law is well-settled that
a trial court=s order,
rendered during its plenary power, granting a motion for new trial is not
reviewable by direct appeal or from a final judgment rendered after further
trial court proceedings.  Wilkins v.
Methodist Health Care Syst., 160 S.W.3d 559, 563 (Tex. 2005); Cummins v.
Paisan Constr. Co., 682 S.W.2d 235, 235‑36 (Tex. 1984); Bay Inc.
v. Ramos, 139 S.W.3d 322, 331 (Tex. App.CSan Antonio 2004, pet. denied); Otis Spunkmeyer, Inc. v. Blakely,
30 S.W.3d 678, 683 (Tex. App.CDallas 2000, no pet.); Vandehaar v. ALC Fin. Corp., 25 S.W.3d
406, 410 (Tex. App.CBeaumont
2000, pet. denied); Dillard v. Leonard, 801 S.W.2d 23, 25 (Tex. App.CSan Antonio 1990, no writ); see also In re Bayerische Motoren
Werke, AG, 8 S.W.3d 326, 328 (Tex. 2000) (Hecht, J. dissenting); Johnson
v. Fourth Court of Appeals, 700 S.W.2d 916, 918 (Tex. 1985) (noting that
there are two instances when a Texas appellate court has overturned the trial
court=s grant of a new trial, including when the trial court=s order was wholly void and where the trial court specified in the
written order that the sole ground for granting the motion was that the jury=s answers to special issues were irreconcilably conflicting).  When a motion for new trial is granted, Athe case shall be reinstated upon the docket of the trial court and
stand for trial the same as though no trial had been had.@  Wilkins, 160 S.W.3d at
563.








Here, the motion for new
trial was granted within the trial court=s plenary power, and Hui Chuan is attempting to appeal from a final
judgment rendered after further trial court proceedings.  Accordingly, we hold that Hui Chuan is not
entitled to review of the trial court=s order granting James= motion for new trial.  See
Cummins, 682 S.W.2d at 235‑36. 
We overrule Hui Chuan=s first issue.

ATTORNEY=S FEES

In her second issue, Hui
Chuan asserts that the trial court erred by awarding $10,000 in attorney=s fees to James for her alleged perjury because James did not plead
for attorney=s fees in
his motion for new trial and he is not entitled to them under statute or
contract.  We note that Hui Chuan does
not contest the sufficiency of the evidence regarding the amount of attorney=s fees.  James asserts that Hui
Chuan wrongly claims that there was no pleading to support the award of
attorney=s fees.








In order to be entitled to a
discretionary award of attorney=s fees, the movant must file with the court an affirmative pleading
requesting them unless the issue is waived or tried by consent.  Klaver v. Klaver, 764 S.W.2d 401, 405
(Tex. App.CFort Worth
1989, no writ).  Texas follows a Afair notice@ standard
for pleading, which looks to whether the opposing party can ascertain from the
pleading the nature and basic issues of the controversy and what testimony will
be relevant.  Horizon/CMS Healthcare
Corp. v. Auld, 34 S.W.3d 887, 896 (Tex. 2000).

The attorney=s fees were not granted in the order granting James= motion for new trial; rather, the attorney=s fees were awarded after the second trial in the order in the suit
affecting the parent-child relationship following retrial.  At the time of retrial, two live pleadings
were on file with the trial court.  James= petition to modify the parent-child relationship filed subject to the
motion for new trial and James= first supplement to pending pleadings concerning the parent-child
relationship, each of which contained a request for attorney=s fees. 








As Hui Chuan correctly points
out, attorney=s fees are
not recoverable in Texas unless authorized by statute or by contract between
the parties.  Dallas Cent. Appraisal
Dist. v. Seven Inv. Co., 835 S.W.2d 75, 77 (Tex. 1992).  The legislature has authorized trial courts
to award reasonable attorney=s fees and expenses in suits affecting a parent-child relationship;
these attorney=s fees and
expenses may be ordered to be paid directly to an attorney.  See Tex.
Fam. Code Ann. ' 106.002
(Vernon Supp. 2006).  An award of
attorney=s fees under section 106.002 in a suit affecting the parent‑child
relationship lies within the trial court=s discretion.  Bruni v. Bruni,
924 S.W.2d 366, 368 (Tex. 1996).  James
testified that he was requesting the court to award attorney=s fees because the reason he had to go through a second trial was due
to Hui Chuan=s
perjury.  James pleaded for attorney=s fees, and the trial court was authorized by statute to award
attorney=s fees; accordingly, we overrule Hui Chuan=s second issue.

PERJURY

In her third issue, Hui Chuan
asserts that there is legally or factually insufficient evidence to support the
trial court=s finding
that she committed perjury.[2]








A legal sufficiency challenge may only be sustained when
(1) the record discloses a complete absence of evidence of a vital fact, (2)
the court is barred by rules of law or of evidence from giving weight to the
only evidence offered to prove a vital fact, (3) the evidence offered to prove
a vital fact is no more than a mere scintilla, or (4) the evidence establishes
conclusively the opposite of a vital fact. 
Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex.
1998), cert. denied, 526 U.S. 1040 (1999);
Robert W. Calvert, "No Evidence" and "Insufficient
Evidence" Points of Error, 38 TEX. L. REV. 361, 362-63 (1960).  In
determining whether there is legally sufficient evidence to support the finding
under review, we must consider evidence favorable to the finding if a
reasonable factfinder could, and disregard evidence contrary to the finding
unless a reasonable factfinder could not. 
City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).

Anything more than a scintilla of evidence is legally
sufficient to support the finding.  Cont=l Coffee Prods.
Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996); Leitch v. Hornsby,
935 S.W.2d 114, 118 (Tex. 1996).  When
the evidence offered to prove a vital fact is so weak as to do no more than
create a mere surmise or suspicion of its existence, the evidence is no more
than a scintilla and, in legal effect, is no evidence.  Kindred v. Con/Chem, Inc., 650 S.W.2d
61, 63 (Tex. 1983).  More than a
scintilla of evidence exists if the evidence furnishes some reasonable basis
for differing conclusions by reasonable minds about the existence of a vital
fact.  Rocor Int=l, Inc. v. Nat=l Union Fire Ins.
Co.,
77 S.W.3d 253, 262 (Tex. 2002).








An assertion that the
evidence is factually insufficient to support a fact finding means that the
evidence supporting the finding is so weak or the evidence to the contrary is
so overwhelming that the answer should be set aside and a new trial
ordered.  Garza v. Alviar, 395
S.W.2d 821, 823 (Tex. 1965).  We are required
to consider all of the evidence in the case in making this determination, not
just the evidence that supports the finding. 
Mar. Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex.), cert.
denied, 525 U.S. 1017 (1998).

The trial court references Hui
Chuan=s alleged perjury in three places in the record.  In the order granting James= motion for new trial signed on November 20, 2003, the trial court
stated, in pertinent part, as follows:

IT IS ORDERED, ADJUDGED AND
DECREED that the Motion for New Trial on the issues concerning conservatorship,
support and visitation is GRANTED on the basis of the perjury of HUI CHUAN
LOGAN.

In a letter ruling dated October 6, 2004, and
then in the order in the suit affecting the parent-child relationship signed on
November 16, 2004, the trial court stated that it was awarding attorney=s fees to James on the basis of the perjurious testimony of Hui
Chuan.  The trial court=s findings of fact and conclusions of law included the following
finding:

2. The Court finds that HUI
CHUAN LOGAN has been seeing Peter Riley for the better part of eighteen (18)
months even though HUI CHUAN LOGAN and Peter Riley have both denied this under
oath.








Hui Chuan asserts that the
evidence is legally and factually insufficient to support a finding of perjury
because she testified that she had spent time with Riley, she had seen him
quite often, and he was a regular customer at her restaurant and a friend,
although she denied that there was a romantic relationship. Therefore, she
asserts that there is legally and factually insufficient evidence to support a
finding of perjury that Hui Chuan did see Riley.  Essentially, Hui Chuan is asserting that this
court should take a very literal interpretation of the word Aseeing.@  The modern interpretation of the word Aseeing@ involves
more than merely face-to-face contact as Hui Chuan suggests.[3]    

Throughout the first trial,
Hui Chuan testified that she did not have an improper relationship with
Riley.  She denied kissing and holding
hands with Riley.  She also testified
that she never spent the night with Riley.








At trial, outside the
presence of the jury, James testified that he had observed Hui Chuan kissing
and holding hands with Riley outside of her restaurant.  At the hearing on the motion for new trial,
James introduced into evidence a videotaped statement of Sian, wherein she
discussed the nature of Hui Chuan=s relationship with Riley.  According
to Sian, Hui Chuan was involved in an adulterous affair with Riley.  She could hear Hui Chuan in the bedroom with
Riley, and they slept together in the house. 
Sian stated that Hui Chuan was with Riley before the time that her
parents separated.

After considering the
evidence, we hold that there is more than a scintilla of evidence to support
the trial court=s finding of
perjury; thus, the evidence is legally sufficient to support the trial court=s finding.  Additionally, after
considering all of the evidence, we hold that the evidence supporting the
finding of perjury is not so weak, and the evidence to the contrary is not so
overwhelming, that the finding of perjury should be set aside and a new trial
ordered.  Accordingly, we overrule Hui
Chuan=s third issue.

CHILD SUPPORT

In her fourth issue, Hui
Chuan asserts that we should reverse the order in the suit affecting the
parent-child relationship for the trial court to reconsider the amount of child
support ordered to be paid by James to Hui Chuan.








The trial court has broad
discretion in setting and modifying child support payments and, absent a clear
abuse of that discretion, we will not disturb the trial court=s order on appeal.  In re
P.J.H., 25 S.W.3d 402, 405 (Tex. App.CFort Worth 2000, no pet.).  To
determine whether a trial court abused its discretion, we must decide whether
the trial court acted without reference to any guiding rules or principles, in
other words, whether the act was arbitrary or unreasonable.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241‑42 (Tex. 1985), cert. denied, 476 U.S. 1159
(1986).  Merely because a trial court may
decide a matter within its discretion in a different manner than an appellate
court would in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.  Id.

The family code provides that
the amount of child support payments set by the child support guidelines is
presumed to be in the best interest of the child.  Tex.
Fam. Code Ann. ' 154.122
(Vernon 2002).  However, if the evidence
rebuts the presumption that application of the guidelines would be in the best
interest of the child and justifies variance from the guidelines, the court may
order periodic child support payments in an amount other than that established
by the guidelines.  Id. ' 154.123.  Family code section
154.123(b) lists seventeen factors that the trial court may consider in varying
from the guidelines, including, among other things, the age and needs of the
child, the ability of the parents to contribute to the support of the child,
the financial resources available for support of the child, and whether either
party has managing conservatorship or actual physical custody of the
child.  See id. ' 154.123(b). 








Here, the trial court made a
finding that Agiven the
income of both parties and the amount of time both parties have with the
children, neither party shall pay child support beginning October 6, 2004, and
that this is in the best interest of the children.@  The trial court made extensive
findings regarding the income of Hui Chuan, the expenses paid by James on
behalf of the children, and James= income and monthly expenses. 
In determining whether a departure from the standard child support
guidelines would be appropriate, the trial court may consider the ability of
the parents to contribute to the support of the children. Id. ' 154.123(b)(2).  When
determining the amount of monthly child support, the trial court found that Hui
Chuan=s net available resources equaled an average amount of $13,000 per
month, including child support she received amounting to $1,800, while James
testified that he does not have current income other than a brokerage account
funded with the proceeds from the sale of property awarded to him in the
divorce.

The trial court also found
that the possession schedule for James comes close to him having possession of
the children for fifty percent of the year. 
The trial court is permitted to consider the amount of time of
possession of and access to the children in determining whether application of
the standard child support guidelines would be unjust or inappropriate under
the circumstances.  Id. ' 154.123(b)(4).








Hui Chuan asserts that, in
light of the fact that James listed his expenses to include $6,000 in attorney=s fees and approximately $2,700 a month for driving a Porsche, James
has not presented sufficient evidence to overcome the rebuttable presumption
that the standard child support guidelines should have been instituted.  However, when the trial court is making a
determination regarding child support, it is given the authority to consider
many factors, as the court did here.

Finally, Hui Chuan asserts
that the trial court should have found that James was intentionally unemployed
or underemployed.  In determining the
proper amount of child support a court may consider the amount of the obligee=s net resources, including the earning potential of the obligee if the
actual income of the obligee is significantly less than what the obligee could
earn because the obligee is intentionally unemployed or underemployed.  Id. ' 154.123(b)(5).  If a parent=s actual income is significantly less than what he could earn because
of intentional unemployment or underemployment, the court may apply the child
support guidelines to his earning potential. 
Id. ' 154.066
(Vernon Supp. 2002).  For a trial court
to find that a parent is intentionally underemployed, there must be evidence
that the parent reduced his income for the purpose of decreasing his child
support obligation.  P.J.H., 25
S.W.3d at 405-06.  There is no
presumption of intentional underemployment simply because the divorced obligor
earns less than he did when he was married to the obligee.  Id.








At the second trial, James
testified that he is self-employed.  He
further testified that he was not deliberately underemploying or unemploying
himself. Hui Chuan did not present any evidence to the contrary.  Based on a review of the record, we cannot
say that the trial court abused its discretion in not determining that James
was intentionally underemployed or unemployed.

In light of the relevant
factors that the trial court considered in making its determination regarding
James= child support obligation, we hold that the trial court did not abuse
its discretion by determining that Hui Chuan was not entitled to receive child
support payments from James.  Accordingly,
we overrule Hui Chuan=s fourth
issue. 

CONCLUSION

Having overruled each of Hui
Chuan=s four issues, we affirm the trial court=s judgment. 

 

 

DIXON W. HOLMAN

JUSTICE

 

PANEL
B:  HOLMAN, GARDNER, and WALKER, JJ.

 

DELIVERED:  August 3, 2006











[1]See Tex.
R. App. P. 47.4





[2]Hui
Chuan asserts that the trial court does not specifically state that it found
that she had committed perjury as to any specific acts, but she assumes that it
was based on the alleged relationship with Riley and her alleged drinking of
alcohol.  We disagree.  The trial court=s
findings of fact specifically state that A[t]he Court finds that HUI
CHUAN LOGAN has been seeing Peter Riley for the better part of eighteen (18)
months even though HUI CHUAN LOGAN and Peter Riley have both denied this under
oath.@





[3]
Miriam Webster=s
online dictionary contains nine different definitions of the word Aseeing,@
including a definition stating Ato keep company with
especially in courtship or dating.@  Miriam
Webster=s
Online Dictionary, available at http://www.m‑w.com/dictionary/seeing.  Hui Chuan=s suggested definition in the
narrow terms of sight demands a literal interpretation of the word that runs
contrary to its everyday understanding and use.