**In re UNITED SCAFFOLDING, INC.**

**No. 09–09–00098–CV.**

Court of Appeals of Texas,
Beaumont.

Submitted on March 26, 2009.

Decided April 16, 2009.

Kathleen M. Kennedy, Mehaffy Weber, Beaumont, for relator.

Timothy W. Ferguson, Lauren E. Marshall, Beaumont, for real party in interest.

Before McKEITHEN, C.J.,
GAULTNEY and KREGER, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

In this petition for writ of mandamus, relator United Scaffolding, Inc. contends the trial court abused its discretion by granting a motion for new trial filed by James Levine and Lisa Levine after a jury rendered a verdict in the underlying proceeding. The trial court granted the motion and ordered a new trial "in the interest of justice and fairness."

■ United Scaffolding contends the trial court abused its discretion by granting a motion for new trial "in the interest of justice and fairness" without identifying the particular injustice or wrongdoing that occurred in the case. In their motion for new trial, the Levines challenged the factual sufficiency of the zero damages awarded by the jury for physical pain and suffering, mental anguish, physical impairment, past medical care, and loss of earning capacity where James Levine had an

objective injury and the jury awarded $178,000 for future medical care. The Levines also argued that the jury's failure to award damages for pain and suffering, mental anguish, physical impairment, and loss of consortium caused by the defendant's negligence presents a definite injustice even if the award of zero damages on those categories of damages is not against the great weight and preponderance of the evidence.

A new trial may be granted for good cause shown in a party's motion and may be granted when the damages are manifestly too small. *See* Tex.R. Civ. P. 320. A motion for new trial must identify each point relied upon in such a way that the objection can be clearly identified and understood by the court. *See* Tex.R. Civ. P. 321. In this case, the Levines' motion for new trial clearly identified their specific complaint that the zero damages findings are manifestly too small and the trial court's reason for granting the new trial is evident from the face of the motion granted by the trial court.

█ Generally, "an appellate court will not review by mandamus an action of the trial court granting a new trial while it still has jurisdiction of the cause. The discretion and judgment of the trial court in granting a new trial cannot be controlled or directed by mandamus." *Johnson v. Court of Civil Appeals for the Seventh Supreme Judicial Dist. of Tex.*, 162 Tex. 613, 350 S.W.2d 330, 331 (Tex.1961). In this case, the mandamus record does not reveal a denial of due process and United Scaffolding does not demonstrate that the trial court acted outside the limits of its discretion. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985); *In re E.I. DuPont de Nemours and Co.*, No. 09–08–318–CV, 2008 WL 2838776, *1 (Tex.App.-Beaumont July 24, 2008, mand. filed). Accordingly, we deny the petition for writ of mandamus.

PETITION DENIED.

DAVID GAULTNEY, Justice, dissenting.

The Rules require that error relied upon in a motion for a new trial constitute "good cause" to grant a new trial, and be "clearly identified." *See* Tex. R. Civ. P. 320, 321. A ground that asserts "the verdict of the jury is contrary to law, and the like—shall not be considered by the court." *See* Tex.R. Civ. P. 322. The trial court abused its discretion by granting a new trial based on a ground of "the like" precluded by Rule 322. Generally, an order granting a motion for new trial is not reviewable on appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex.2005) (citing *Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex.1984)). The appropriate and only available remedy is a petition for writ of mandamus. We should issue the writ in this case.

The trial occurred three years after the accident. The jury found no past medical expenses, no past physical pain, no past mental anguish, no past physical impairment, no past loss of earning capacity, no loss of future earning capacity, no future mental anguish, no pain in the future, and no physical impairment in the future. The jury awarded damages for medical care that plaintiff "will incur in the future."

In their motion for new trial, the Levines (plaintiffs and real parties in interest) challenged the sufficiency of the evidence to support the jury's verdict. Whether a damage award is manifestly too small or too large—that is, whether the award is inadequate or excessive—generally is determined by a review of the sufficiency of the evidence to support the verdict. *See generally Larson v. Cactus Util. Co.*, 730 S.W.2d 640, 641–42 (Tex.1987)

(sufficiency of the evidence review by trial court and appellate court); *see also Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex.1998) (excessiveness); *Marshall v. Superior Heat Treating Co.*, 826 S.W.2d 197, 200 (Tex.App.-Fort Worth 1992, no writ) (zero damages award); *Roberts v. Tatum*, 575 S.W.2d 138, 140–41 (Tex.Civ.App.-Corpus Christi 1978, writ ref'd n.r.e.). Alternatively, the motion asserted that the case presented an "appropriate situation" in which to order a new trial in the interest of fairness and justice, "even if [the trial court] determines that the award of zero damages is not against the great weight and preponderance of the evidence." The trial court granted the Levines' motion and ordered a new trial based on the second ground—"in the interest of justice and fairness." [1]

The majority opinion states the general rule concerning mandamus review of a trial court's grant of a new trial. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985); *Johnson v. Court of Civil Appeals for the Seventh Supreme Judicial Dist. of Tex.*, 162 Tex. 613, 350 S.W.2d 330, 331 (1961). This Court recently noted, however, that there are "exceptions to the general rule" that an appellate court will not review by mandamus a trial court's order granting a new trial. *See In re E.I. DuPont de Nemours & Co.*, No. 09–08–318 CV, 2008 WL 2838776, at *1, 2008 Tex.App. LEXIS 5443, at *1–2 (Tex.App.-Beaumont July 24, 2008, orig. proceeding)(mand.filed). Mandamus law has changed since the 1985 decision in *Johnson v. Fourth Court of Appeals*. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992); *see also In re Prudential Ins.*

*Co. of Am.*, 148 S.W.3d 124, 135–141 (Tex. 2004); Helen A. Cassidy, *The Instant Freeze–Dried Guide to Mandamus Procedure in Texas Courts*, 31 S. Tex. L.Rev. 509, 512 (1990); *see In re Bayerische Motoren Werke, AG*, 8 S.W.3d 326 (Tex.2000) (Hecht, J. dissenting). What is clear is that there have always been exceptions to the general rule. *See In re DuPont*, at *1, 2008 Tex.App. LEXIS 5443, at *1–2.

The Levines point to the fact that this Court denied the petition for mandamus in *In re DuPont*, another case involving an order from this trial court that granted a new trial without explanation. *Id.* Rule 322 is mandatory, and whether or not applicable under the circumstances in *In re DuPont*, the Rule is applicable to the ground argued in the motion for new trial at issue here. *See* Tex.R. Civ. P. 322.

Rule 322 precludes a trial court from considering "[g]rounds of objections couched in general terms[,]" specifically an argument that "the verdict of the jury is contrary to law, and the like[.]" *Id.* The argument made in this case was that even if the jury verdict was supported by sufficient evidence, the trial court should, in the alternative, rule the verdict contrary to the interest of justice and fairness. That is an objection of "the like" that Rule 322 states "shall not be considered" by the trial court, assuming no specific error of law or fact is given as a reason. *See* Tex.R. Civ. P. 322.

The Supreme Court has emphasized that a court cannot "substitute its judgment for that of the jury" when the evidence is sufficient to support the verdict. *See Larson*, 730 S.W.2d at 641. The trial

---

1. The Levines assert in their response to the mandamus petition that "there is no allegation in the Motion for New Trial that the jury's answers were in conflict, incomplete, or unresponsive to the questions asked." The Levines explain their "Motion for New Trial

was based on two alternative grounds: (1)[f]actual insufficiency of the evidence and (2) in the interest of justice." They state that "[t]he trial judge ordered the new trial based on the second argument—not an 'unknown reason.'"

court order does not indicate any reason why the interest of justice and fairness is served by setting aside a jury verdict that the trial court considers supported by the evidence. The trial court did not follow the Rules of Civil Procedure governing motions for new trial. *See* TEX.R. CIV. P. 320, 321, 322. We should grant the petition for writ of mandamus and vacate the trial court's order. Because the majority does not, I respectfully dissent.